# Fort *v.* The State.

### *Indictment for Burglary.*

1. *What constitutes larceny; intent.* —A farm laborer, employed in picking cotton, and paid per hundred pounds for the quantity picked, may be convicted of larceny, on proof that he took seed-cotton from the cotton-house by night, carried it to the field, and placed it in a basket with cotton which he had picked the day before, but which had not been weighed, with the intent to obtain compensation as if he had picked it.

FROM the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

J. S. DIGGS, for the appellant, cited *Reg. v. Holloway,* 2 Car. & K. 942 ; 1 Bish. Crim. Law, 2d ed., § 93 ; 2 *Ib.* §§ 711, 755 ; Whart. Crim. Law, 9th ed., §§ 810, 833 ; 1 Hale's P. C. 561 ; 2 East's P. C. 509 ; Roscoe's Crim. Ev. 327–8 ; Clark's Manual, §§ 919, 964.

THOS. N. MCCLELLAN, Attorney-General, *contra,* cited *Com. v. Mason,* 105 Mass. 162 ; *Reg. v. Richards,* 1 Car. & K. 532 ; *Reg.' v. O'Donnell,* 7 Cox, C. C. 337 ; *Reg. v. Poole,* D. & B. 345.

STONE, C. J.—The indictment in this case was for burglary. The charge is, that the defendants broke into and entered a cotton-house, in which cotton, a valuable thing, " was kept for use, sale, or deposit," having the intent to steal. The proof is without conflict as to the intent with which the house was entered and the cotton taken. The defendants were farm laborers, hired by one Mason to pick out cotton at so much per hundred pounds. When the cotton-house was broken, seed-cotton was taken therefrom, carried to the field, and placed with cotton which these defendants had picked the day before, but which had not been weighed. The intent was, not to deprive the owner of the cotton, but to obtain from him compensation for picking cotton which they had not picked. Did the defendants have the intent to commit larceny ? Was this larceny ?

In 1 Whar. Cr. Law (9th ed.), § 866, it is said : " As a rule, to constitute larceny, it is essential that there should be an intent to deprive the owner *permanently* of his property."

[Bryant v. The State.]

2 Bish. Cr. Law (7th ed.), § 841; Clark's Manual, § 963; 1 Univ. Cyc. of Law, § 7189; Roscoe's Cr. Ev. 623; *Reg. v. Holloway*, 2 Car. & Kir. 942; *State v. South*, 28 N. J. Law, 28. In *Greene v. State*, 68 Ala. 539, we said: "Larceny consists in the fraudulent taking and carrying away of the personal goods of another. Fraud, the taking and asportation without the consent of the owner, and with the intent to divest his ownership, must all concur 'to constitute the offense." We think deprivation of the ownership of property is one of the essentials of larceny.

But, is it necessary that the intent shall be to deprive the owner of the whole property taken? Is not the *animus furandi* as manifestly shown, when the intent is simply to deprive him of a partial, though unsevered interest in the property? There have been several decisions, in which facts, not distinguishable in legal or moral bearing from those found in this record, have been pronounced larceny. They have been so adjudged, because the act in such case has the intent and effect of depriving the owner of a part of his property.—*Reg. v. Richards*, 1 Car. & Kir. 532; *Com. v. Mason*, 105 Mass. 63; *Berry v. State*, 31 Ohio St., 219; s. c., 27 Amer. Rep. 506; May's Cr. Law, § 156.

Applying these principles to this case: The taking and asportation were with the intent of depriving the owner of property, which was absolutely his and in his possession, and fraudulently placing it where the taker could assert a lien, or claim to hold it, until certain charges were paid him by the owner; false charges, which only his fraudulent act, if undetected, would have given him a seeming right to demand, as a condition of restoring the property to its rightful owner. Such act has the secrecy, the fraudulent purpose, and the intent to deprive the owner of an interest in his property,—elements which distinguish larceny from a civil trespass.

There is no error in the record.

Affirmed.