# Holbrook v. The State.

*Indictment for Larceny.*

1. *Larceny by person in possession.*—Although in larceny there must be a trespass, and trespass is a wrong to the possession, yet, a bare charge. or custody, of goods which belong to another does not divest the possession of the owner, and a servant or other person having the mere custody of goods may commit larceny thereof.

2. *Same.*—Where defendant was given property by the prosecuting witness to deliver at the latter's house, and defendant fraudulently sold it, he is guilty of larceny.

3. *Felonious intent.*—The general rule that to constitute larceny the felonious intent must exist at the time of the "taking and carrying away," does not militate against the rule of constructive possession by the owner, the defendant having but the bare custody. re-

[Holbrook v. The State.]

ceived from the owner, and while having such bare custody fraudulently converts the money or goods

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. J. A. BILBRO.

SAM W. TATE for the appellant.—The charge requested by defendant ought to have been given; 3rd Vol. Greenleaf on Evidence, 3rd edition, paragraphs 154, 155, 157, 161, 162 and notes; also Vol. 1 of Bishop on Criminal Law, 5th edition, paragraphs 207, 320, 342 and 411. Wharton's Criminal Law, 9th edition, paragraph 963; and *Watson v. State*, 70 Ala. 13; and *Lowder v. State*, 63 Ala. 143.

WM. C. FITTS, Attorney-General, for the State.—Defendant's charge was properly refused. The question of intent is one of fact for the jury, and the court can neither infer, nor direct the jury to infer either a felonious intent or its absence. Am. & Eng. Ency. of Law, Vol. 12, pp. 838–9.

"The intent to steal need not exist at the time of obtaining possession of the property if followed by a felonious appropriation, and the theft is complete at the time of such appropriation. Am. & Eng. Ency. of Law, Vol. 12, p. 872; 1 Brick. Dig. p. 482, paragraph 487.

COLEMAN, J.—The defendant was convicted of petit larceny. The evidence tended to show that the defendant was employed by one Wigginton to carry him from his home by conveyance to the depot, where he intended to board a train. Arriving at the depot, Wigginton left with the defendant a quilt, to be returned to his home, which the defendant agreed to do. The defendant carried the quilt to a store and traded it off for an amount much less than its value.

The defendant requested the court to charge the jury that "if the jury believe from the evidence that the witness, Wigginton, delivered the quilt to the defendant, to be conveyed back to Wigginton's home, and that the quilt was received by the defendant for that purpose, and after so receiving the quilt, the defendant conceived the intent and purpose to wrongfully dispose of it, he is not guilty as charged." One of the difficulties in dis-

[Holbrook v. The State.]

tinguishing between larceny and embezzlement consists in the fact, that in larceny there must be a trespass, and a tresspass is a wrong to the possession. A bare charge of or custody of goods which belong to another does not divest the possession of the owner. It has, therefore, been held that a servant or other person, having the mere custody of goods may commit larceny of them. 2 Bishop Cr. Law, §§ 823, 824, note ; 2 East Pleas Crown, 565 ; 1 Brick. Dig. p. 482, § 487 ; 12 Amer. & Eng. Ency. Law, 768. In *Oxford v. The State*, 33 Ala. 416, 418, it is said : "It is a clear rule of law, that where a party has only the bare charge and custody of the goods of another, the legal possession remains in the owner ; and the party in custody may be guilty of tresspass and larceny, in fraudulently converting the same to his own use." In Roscoe on Criminal Evidence, § 646, it is said : "In order to render the offense larceny, where there is an appropriation by a servant, who is already in possession, it must appear that the goods were at the time in the construccive possession of the master. They will be considered in the constructive possession of the master if they have been once in the possession of the master, and have been delivered by the master to the servant. But if the goods or money have come to the possession of the servant from a third person, and have never been in the hands of the master, they will not be considered to have been in the constructive possession of the master, for the purposes of larceny. * * * The rule has never been doubted," &c.

In case of *Washington v. State* 17 So. Rep. 546 we held that the statute, (Code, § 3795), creating and defining embezzlement did not and was not intended to convert that which was larceny at common law, into statutory embezzlement. The general rule, that to constitute larceny the felonious intent must exist, at the time of the "taking and carrying away," does not militate against the rule of constructive possession by the owner, the defendant having but the bare custody, received from the owner, and having such bare custody fraudulently converts the money or goods. We are of opinion, under the facts of the case, that the court did not err, in refusing the charge requested. The other exceptions are wholly without merit.

Affirmed.