# Higgs *et al. v.* The State.

*Indictment for Grand Larceny.*

1. *Grand larceny; definition and constituents of the offense of larceny from the person.*—Larceny is the felonious taking and carrying away of the personal property of another with the fraudulent intent to convert it to the use of the taker or to deprive the owner thereof; and to constitute larceny from the person, as condemned by the statute (Criminal Code of 1886, § 3789), it is not essential that the property should have been forcibly or secretly taken from the person.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. W. FOSTER.

The appellants, Amos Higgs and Will Tyler, were tried and convicted under the following indictment: "The grand jury charge that before the finding of this indictment, that Amos Higgs and Will Tyler, alias 'Big Nigger,' and Will Davis, feloniously took and carried away from the person of Allen Goolsby, two dimes of the silver currency of the United States, of the value of twenty cents, and two nickels of the nickel currency of the United States, of the value of ten cents, all being of the aggregate value of thirty cents, and the personal property of Allen Goolsby, against the peace and dignity of the State of Alabama."

On the trial of the cause, as is shown by the bill of exceptions, the State offered evidence tending to show that defendant Higgs, in company with defendant Tyler, approached one Allen Goolsby and pulling from his pocket a paper told said Goolsby that he had a warrant

[Higgs et al. v. The State.]

for him, and had come to arrest him, and then asked him how much money he had; that Goolsby told him he had just finished cutting a load of wood for thirty cents; that defendant Higgs told him (Goolsby) that if he would give him (Higgs) the thirty cents he would not arrest him; that Goolsby ran his hand into his pocket, pulled out the thirty cents, and handed it to defendant Will Tyler. There was no evidence that either of the defendants put hands upon him (Goolsby), or took any money from his pocket, or from any part of his person except as stated. The money thus obtained was two dimes and two nickels. The defendants were not officers of the law, and had no warrant for said Goolsby.

The defendants testified that they had nothing to do with the getting of said money and did not receive any of said money, and testified that they saw one Will Davis, who is jointly indicted with them, and another party approach said Goolsby and get some money from him, but that they had nothing to do with it, and that Davis and the other party got the money substantially as stated.

The defendants asked the court in writing to give the jury the following charge: "The court charges the jury that in order to convict the defendants, or either of them, of grand larceny in this case, the taking must be from the person, and that if the property alleged to have been stolen was not forcibly or secretly taken from the person, the defendants can not be convicted of grand larceny." The court refused to give said charge, and the defendants then and there duly excepted.

S. H. DENT, JR., for appellants.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendants were convicted of larceny from the person, which by statute is made a felony. The case was appealed to revise the ruling of the court, in refusing an instruction requested by the defendants. The proposition of law asserted in the charge is, that there can be no larceny from the person, "unless the property is forcibly or secretly taken from the person." Neither force nor secrecy are necessary elements of larceny. Every robbery of the person in-

[Dabney v. The State.]

cludes larceny, and if the indictment is properly framed, the party may be convicted of larceny under an indictment for robbery. To constitute robbery there must be "force" or "a putting in fear." Either will suffice, if the other elements of a fraudulent and felonious taking are present. Larceny is the felonious taking and carrying away the personal property of another, with the fraudulent intent to convert it to the use of the taker, or to deprive the owner thereof. A secret taking is evidential of the existence and presence of some one or more of the constituents of larceny, but is not itself an element. The authorities are clear against the proposition of the charge.—*Morris v. State*, 97 Ala. 82; *Thomas v. State*, 91 Ala. 34; *Allen v. State*, 58 Ala. 98; Roscoe Cr. Ev., §§ 917, 918; Wharton Cr. Law, § 1700; 2 Russell on Crimes, p. 176.

The indictment was properly framed to meet the facts of the case, and we find no error in the record.

Affirmed.