# Busby *v.* The State.

## Indictment for Larceny.

1. *Larceny; constituents of offense; instructions to the jury.*—Where
on a trial for larceny the evidence shows that the defendant, without
the knowledge or consent of the owner, with whom he had been play-
ing, took some shirt buttons from the latter's pocket, and as he was
going away from the defendant said that he would leave the buttons
at a certain place where the owner could get them by paying a stipu-
lated sum, a charge is erroneous and is properly refused as being cal-
culated to mislead and confuse the jury, which instructs the jury, that
"While larceny includes a trespass, in that it involves felonious intent
and fraud or secretiveness in effecting it ; and the knowledge of an-
other's ownership and the intent to deprive him of it are not equivalent
of these elements."

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant was indicted, tried and convicted for
the offense of grand larceny.

On the trial of the cause the evidence showed that
while at a shop of one Vincent Peres, the defendant,
Willie Busby, caught hold of said Peres and took from
his pocket three stud buttons, and that the same were
taken from said Peres without his consent and without
his knowledge. There was evidence introduced tending
to show that the taking of said buttons was open and in
the presence of witnesses, and that said Peres and the
defendant were playing with each other a few minutes
before the taking; and immediately after the time the
buttons were taken, and before the defendant moved
away, he said to Peres "that he would leave the buttons
at his, Busby's wife's house, and he, Peres, could get
them by leaving twenty-five cents with her, which he
owed the defendant."

[Stoball v. The State.]

The defendant requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: "While larceny includes a trespass, in that it involves felonious intent and fraud or secretiveness, in effecting it; and the knowledge of another's ownership and the intent to deprive him of it, are not equivalent of these elements." The refusal of this charge is the only question presented on this appeal.

C. W. TOMPKINS, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Higgs v. State*, 113 Ala. 36.

COLEMAN, J.—The defendant was indicted and convicted of the offense of grand larceny. The only exception reserved upon the trial was that of the refusal of the court to give the instruction to the jury which appears in the statement of the case. As framed the instruction is not clear, and considered in connection with the facts of the case, was calculated to confuse the jury. We presume, the pleader intended to embody the principle supposed to be asserted in *Lunsford v. Dietrich*, 93 Ala., top of page 571, but the phraseology of the instruction requested, and its connection, fails to carry the same meaning, and the principle was not applicable. The true rule applicable to the case of appellant is stated in *Higgs v. The State*, 113 Ala. 36.

There is no error in the record.

Affirmed.