# Dozier *v.* The State.

*Indictment for Larceny.*

1. *Larceny; when offense shown.*—Where a person takes tortious possession of property, and after acquiring the property he conceals it and executes the purpose subsequently to convert it feloniously to his own use or the use of another, he is guilty of larceny.

2. *Same; charge to the jury.*—On a trial under an indictment for larceny, where there is conflict in the evidence as to whether at the time of the taking the defendant intended feloniously to take the property, a charge which instructs the jury that if the defendant took the property and afterwards converted it to his own use, this is a felonious taking, is erroneous; and the giving of such charge by the court will work a reversal of the judgment of conviction.

3. *Evidence; sufficiency of objection to question.*—On a trial under an indictment for larceny, where the defendant is shown

to have been in possession of the property alleged to have been
stolen, and there is some evidence tending to show that he
was intoxicated at the time, a question propounded to a wit-
ness as to whether "in his opinion the defendant was drunk?"
is not subject to the objection that the question called for
the opinion of the witness and the witness was not shown to
be an expert, and did not give facts upon which to base his
opinion.

4.  *Same; admissibility of evidence.*—On a trial under an indict-
ment for larceny, it is competent for the State to show by
its witness as to what was the value of the property alleged
to have been stolen, at the time of the taking.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case was indicted, tried and
convicted for the larceny of a barrel of whiskey, and
sentenced to the penitentiary for three years. The
complaint contained two counts, each of which charged
the larceny of one barrel of whiskey, of the value of one
hundred dollars. In the first count the ownership of the
whiskey was laid in the Louisville & Nashville Railroad
Company. In the second count it was laid in H. W.
Fancher.

On the trial of the case it was shown by the evidence
that a barrel of whiskey consigned to H. W. Fancher
was received by the Louisville & Nashville Railroad
Company at Montgomery and was placed in the freight
depot of said railroad company; that about the same
time one hundred barrels of whiskey was received by
said railroad company, consigned to B. S. Griel & Co.,
and were placed in their depot. That said barrel of
whiskey consigned to H. W. Fancher had been taken
from the Louisville & Nashville freight depot and had
never been delivered to or received by said Fancher.

The evidence for the State tended to show that the
defendant was employed as a driver of a dray; that he
was directed by his employer to haul the whiskey that
was in the Louisville & Nashville depot, consigned to
Griel & Company to the latter's place of business; that
while the defendant was so engaged in the hauling of
the whiskey consigned to Griel, the barrel of whiskey
consigned to Fancher was seen upon his dray and he

was instructed to return the said barrel to the Louis-
ville & Nashville freight depot. That later in the day
he was seen driving his dray very rapidly in another
portion of the city with the barrel of whiskey thereon;
that the whiskey was never returned to the Louisville
& Nashville freight depot, nor was it ever delivered to
Fancher.

The evidence for the defendant tended to show that
he did not appropriate the whiskey and that at the time
specified in the testimony of the State's witnesses as
to his having the barrel of whiskey on his dray, he was
drunk and had to be carried home and was unable to
drive his dray.

During the examination as a witness of the employer
of the defendant and after he had testified to having
seen the barrel of whiskey marked H. W. Fancher on
the dray driven by the defendant, he was asked by
the solicitor: "If in his opinion the defendant was
drunk" at that time? The defendant objected to this
question upon the ground that it called for the opinion
of the witness who was not shown to be an expert, and
that the witness had not given the facts upon which
he based his opinion. The court overruled the objec-
tion, and the defendant duly excepted.

During the examination of one of the witnesses for
the State he was asked the following question: "If he
knew the value of a barrel of whiskey" at the time re-
ferred to in the testimony as to the removal of the
barrel by the defendant? The defendant objected to this
question upon the ground that it was immaterial and ir-
relevant and could not shed any light upon the transac-
tion. The court overruled the objection, and the de-
fendant duly excepted.

During the examination of H. W. Fancher as a wit-
ness, he was asked by the State the following question:
"Did you send to the Louisville & Nashville Company
for any whiskey?" The defendant objected to this
question upon the grounds that it called for illegal,
immaterial and irrelevant evidence, and was not the
proper way to show that there was whiskey belonging to
the witness at the railroad. The court overruled the
objection, and the defendant duly excepted.

The portion of the court's general charge, to the giving of which exception was reserved by the defendant, is copied in the opinion. The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2.) "If the jury believe the evidence, they must find the defendant not guilty under the second count of the indictment." (3.) "If the jury believe the evidence, they must find the defendant not guilty under the first count of the indictment." (4.) "The jury can not convict the defendant if the jury have a reasonable doubt that the defendant had a *feloniously* intent at the time he took possession of the barrel of whiskey, if it be a fact that the defendant took possession of the barrel of whiskey." (5.) "If the jury believe the evidence, the must find the defendant not guilty." (6.) "If any man on this jury has a doubt of this defendant's guilt and can give a reason therefor, then you are charged by the court that you can not convict him, and if you do, you violate your oath and disregard the instruction of the court, and I charge you not to do this." (11.) "If the defendant took the whiskey, but did not have at that time an intent to steal, but after he had taken the whiskey and carried the same away, then he first entertained a felonious intent, then they can not convict this defendant."

HILL & HILL, for appellant, cited *Beckham v. State,* 100 Ala. 16; *Rountree v. State,* 58 Ala. 384; *Griggs v. State,* 58 Ala. 425.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—In the absence of all tendencies of the evidence to support the conclusion, that defendant came into possession of the barrel of whiskey by the consent of the Louisville & Nashville Railroad Company or Fancher, in whom its ownership is laid in the indictment, or by finding it, there is no room for the application of the principle that he must have entertained the felonious intent contemporaneously with the tak-

[Dozier v. The State.]

ing, to the exclusion of the application of the principle that if he subsequently formed the fraudulent purpose, after acquiring possession, of converting it to his own use or to the use of another, that he may be guilty of the larceny as charged. If the criminating tendencies of the testimony in this case are to be believed, the taking was tortious, a trespass. And if after acquiring the property, he conceived and executed the purpose subsequently to convert it feloniously to his own use or to the use of another, this would constitute larceny.—*Weaver v. State,* 77 Ala. 26; *Griggs v. State,* 58 Ala. 425.

The case of *Beckham v. State,* 100 Ala. 15, is cited as being opposed to the views we have expressed. The original record of that case fails to show a tortious taking, which, of course, differentiates it from the case in hand and the cases cited. See also *Holbrook v. State,* 107 Ala. 154; *Washington v. State,* 106 Ala. 58; *Burger v. State,* 83 Ala. 36.

The court in its general charge to the jury instructed them that "if the defendant took the barrel of whiskey and afterwards converted it to his own use, this is a felonious taking," to which an exception was reserved. One of the essential elements of the crime of larceny is the fraudulent intent. And to authorize a conviction the evidence must establish its existence beyond a reasonable doubt. And its existence, *vel non,* in nearly all cases, is a question for the jury. In no case can it be affirmed as matter of law unless the evidence is clear and leaves no room for any reasonable inference against its existence or non-existence.—*Talbert v. State,* 121 Ala. 33. The instruction was erroneous.

There is no merit in the objections reserved to the admission of testimony nor was there error in refusing the written charges requested by defendant.

Reversed and remanded.