# Boswell *v.* The State.

## *Larceny.*

(Decided June 30, 1911.   56 South. 21.)

1. *Larceny; By Stealth.*—To constitute larceny as distinguished from embezzlement there must be a trespass to the possession. but it is larceny where one gains possession of the personal property of another by subterfuge or so as to constitute only a bare custody, the owner under such circumstances still having constructive possession.

2. *Evidence; Conspirators; Acts.*—The acts, declarations and conduct of one engaged in a common purpose to commit crime are admissible against the others so engaged.

[Boswell v. The State.]

3. *Charge of Court; Weight of Evidence.*—A charge asserting that if the jury believe the evidence of a certain witness, they should acquit, not only gives undue prominence to such evidence, but predicates an acquittal upon the belief of part of the evidence when there was other evidence.

4. *Costs; Hard Labor; Amount Per Day.*—A defendant should be sentenced to hard labor for costs at the rate of seventy-five cents per day, as provided by section 7635, Code 1907, the act providing forty cents per day having been declared unconstitutional.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Elijah Boswell was convicted of grand larceny, and he appeals. Affirmed.

The evidence tended to show that prosecuting witness lost about $75 in a confidence game, in which he, the defendant, and one Fitten were engaged; that defendant picked up a pocketbook in the streets, and that Fitten accosted the prosecuting witness, calling his attention to the fact that Boswell had picked up a pocketbook, and calling Boswell back to tell him that they saw him, whereupon Boswell offered to divide, saying there was a small amount in the pocketbook, and then went off to let his boss man count the money, saying he would return. When he returned he stated that there was $500 in the pocketbook, and brought with him several envelopes having a cross mark upon them, when all three entered into an agreement to place their money together with the $500 in the envelope, which the defendant did, and that Boswell went away to get his boss man to divide it up into three parts, and that he never came back at 6 o'clock as he promised him. The charges requested and refused were as follows: (1) General affirmative charge. (2) "I charge you that, if you believe the evidence of the witness Sam Jackson, you must acquit him." (5) "If Horace Purnell gave his money to the defendant willingly, under the impression that the money, with the money alleged to have been found, was to

be divided, and it was not returned, the defendant is not guilty under the indictment in this case."

MALLORY & MALLORY, and CRAIG & CRAIG, for appellant. Counsel discuss the exceptions to evidence and the refused charges, but without citation of authority. They insist that under the evidence in this case the defendant could not be convicted of larceny and cite.— *Wilson v. The State,* 1 Port. 118; *Wright v. Lindsey,* 20 Ala. 428; *Green v. The State,* 68 Ala. 539; Clark's Crim. Law, 164.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The evidence of Fitten's hiding behind his brother to conceal himself was admissible for two reasons. 1st, as to identification, and 2nd, as the act of a co-conspirator.—*McAnally v. The State,* 74 Ala. 9; *Johnson v. The State,* 87 Ala. 39; *Hunter v. The State,* 112 Ala. 77; *Smith v. The State,* 133 Ala. 73. The court properly refused charge 1.—*Turner v. The State,* 97 Ala. 57. Charge 2 was properly refused.—*Cox v. The State,* 99 Ala. 162; *Murphy v. The State,* 108 Ala. 10. Under the facts in this case the taking constituted larceny.—*Bailey v. The State,* 58 Ala. 414; *Levy v. The State,* 79 Ala. 259; *Eggleston v. The State,* 129 Ala. 80.

PELHAM, J.—The indictment in this case jointly charged defendant and Louis Fitten with grand larceny. A severance was granted, and the defendant tried separately. The evidence on the part of the state tended to show that the defendant, while with Louis Fitten, by means of subterfuge or trickery, procured from the prosecuting witness $75 to be put with a sum of money fictitiously claimed to have been found by him; the total amount to be subsequently divided among the parties.

The defendant denied the transaction, and introduced proof setting up an alibi.

The question asked the prosecuting witness, Purnell, on redirect examination, "Did Louis (referring to Louis Fitten) hide behind his brother, and didn't Mr. Mallory tell the man to let him get out so you could see him?" had a direct bearing on the matters asked about on the cross-examination of the witness by defendant on the question of identification, and was permissible as being a re-examination of the witness on the matters brought out by defendant on cross-examination. It was also proper as having a tendency to show the existence of a conspiracy between Fitten and the defendant to take the money of witness and confuse him as to the identity of the guilty party. The acts, declarations, and conduct of a person concerned in the common purpose to commit a crime are admissible as evidence against the others.—*McAnally v. State*, 74 Ala. 9; *Johnson v. State*, 87 Ala. 39, 6 South. 400; *Hunter v. State*, 112 Ala. 77, 21 South. 65; *Martin v. State*, 136 Ala. 32, 34 South. 205.

Charge No. 1 requested by the defendant was properly refused. There was evidence which, if believed, was sufficient to authorize the jury to find the defendant guilty of the charge.

Charge No. 2 singled out the evidence of the witness Sam Jackson and gave undue prominence to it. It is bad also, in that it bases an acquittal on a belief of part of the evidence, and does not require the jury to consider all of the evidence in connection with that of the witness Jackson in arriving at a verdict. The prosecuting witness states the money was taken between 12 and 1 o'clock, and the witness Jackson says he last saw the defendant on the day in question at 12:30 o'clock.

There was no error in refusing charge No. 5. If the defendant, when he received the money, entertained the

fraudulent purpose of appropriating it to his own use, he would be guilty of larceny.—*Levy v. State,* 79 Ala. 259; *Eggleston v. State,* 129 Ala. 80, 30 South. 582, 87 Am. St. Rep. 17. Larceny and embezzlement belong to the same family of crimes; the distinguishing feature being that to constitute larceny there must have been a trespass or wrong to the possession, but where one gains possession of the property so as to constitute only a bare charge, or custody, or procures it by subterfuge, it does not divest the possession of the true owner; he is still in the constructive possession, and the offense of appropriating the property is larceny.—*Holbrook v. State,* 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65; *Mitchell v. State,* 56 South. 56.

The record in this case shows that the defendant was sentenced to an additional term of 122 days to pay the costs of the prosecution, amounting to $49.10, at the rate of 40 cents per day. Section 13 of the act approved November 30, 1907 (Acts 1907, Sp. Sess. p. 183), which provided the rate should be at 40 cents per day, has been held to be unconstitutional and void (*Dowling v. City of Troy,* Ala. App. MSS.), and the defendant should have been sentenced to pay the costs at the rate of 75 cents per day, as provided by section 7635 of the Code of 1907. The judgment is here corrected, requiring the defendant to serve an additional term in lieu of the payment of costs, calculated at the rate of 75 cents per day, being 65 days, in place of 122 days; and, as herein corrected, the judgment of conviction of the court below is affirmed, without costs.

Affirmed.