# McKinney v. The State.

## *Larceny.*

(Decided April 8th, 1915.  68 South. 518.)

1. *Indictment and Information; Form; Larceny; Ownership.*—An indictment following the Code form, but alleging that the ox stolen was the property of some person other than the defendant, whose name was to the grand jury unknown, was sufficient, under the provisions of section 7143, Code 1907.

2. *Larceny; Jury Question.*—Under the evidence in this case, it was a question for the jury as to the guilt of the defendant, and the court properly refused to direct the verdict for the defendant.

3. *Same; Property Subject.*—Although the oxen had strayed from the premises of the owner, and although the name of the owner was unknown, such property was subject of larceny.

4. *Same; Constituents.*—The felonious taking and carrying away of personal property of another, with intent to convert it to his own use or to deprive the owner thereof, constitutes larceny.

5. *Same; Intent.*—The openness of the defendant's conduct in tak-ing, keeping and disposing of the property did not conclusively nega-tive the existence of a felonious intent, but made that a question for the jury.

6. *Same; Taking; Consent.*—While the taking must be tortious—a trespass against the possession of the owner, and a taking without his consent, to support larceny—yet where the owner's consent, or the consent of the person holding for the owner as bailee, is procured by means of fraud, practiced by the taker, with the intent to steal, the taking is sufficient within the definition of larceny.

7. *Same; Possession of Bailee.*—Where the ox which the defendant was alleged to have stolen was in the possession of one as bailee, the ownership was properly laid in him.

[McKinney v. The State.]

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Tom McKinney was convicted of the larceny of an ox and he appeals. Affirmed.

N. D. GODBOLD, for appellant. The facts as proven do not constitute larceny.—*Butler v. The State,* 91 Ala. 87; *Bolling v. The State,* 98 Ala. 83; *Watson v. The State,* 70 Ala. 13. Under the evidence the jury was not justified in finding a felonious intent.—*Black v. The State* 83 Ala. 81; *McMullen v. The State,* 53 Ala. 531; *Roundtree v. The State,* 58 Ala. 381; *Johnson v. The State,* 73 Ala. 523; *Higgs v. The State,* 113 Ala. 36, 25 Cyc. 22, 46, 49, 129. The evidence failed to show any right of ownership or possession in any one superior to the right of the defendant.—*Griggs v. The State,* 58 Ala. 425; *Randall v. The State,* 49 Ala. 14. There can be no conviction under the second count of the indictment.— *Hollbrook v. The State,* 107 Ala. 156; Roscoe on Crim. Ev. § 1646.

WILLIAM L. MARTIN, Attorney General and J. P. MUDD, Assistant Attorney General, for the State.

THOMAS, J.—The indictment was for grand larceny and charged the defendant with the theft of one steer, an animal of the cow kind. It contains two counts— both in code form (Code, § 7161, subd. 64)—differing from each other only in the fact that the first count alleged the property stolen to be the personal property of Milton Brooks, while the second alleged that it was the property of some person other than the defendant, but whose name was to the grand jury unknown. The defendant interposed a demurrer to the last count on the ground that the name of the owner of the property was not therein alleged.

The court committed no error in overruling either the demurrer or the motion in arrest of judgment, based on the same ground, since the count alleged, as stated, that the name of the owner was unknown to the grand jury, but that such owner was a person other than the defendant.—Code, § 7143; *Black v. State*, 83 Ala. 81, 3 South. 814, 3 Am. St. Rep. 691; 12 Ency. Pl. & Pr. 960.

The evidence for the state tended to show that the steer alleged to have been stolen by the defendant was an estray whose owner was unknown, that had in some way gotten into the pasture of one Milton Brooks, and was in there running with his cattle when defendant, in company with his employer, one Robins, came over to Milton Brooks' for the purpose of purchasing some of the latter's cattle; that defendant heard Milton Brooks tell said Robins, defendant's said employer, when the three were in the pasture looking at and selecting the cattle purchased, that he, Brooks, could not sell the steer in question as it did not belong to him, but was a stray steer that had gotten into his pasture, and that he did not know to whom it belonged. A few days later, the defendant returned and told Brooks that one Watts was the owner of the stray steer, and had sent him, defendant, for it, and by him the money with which to pay for the pasturage. Brooks told the defendant that he charged nothing for the pasturing of the steer, and consented for defendant to take it to the person Watts, to whom defendant said it belonged, and who, defendant said, had sent him for it. Defendant thereupon took the steer and, after keeping it at his house a few days, sold it to a cattle dealer, and subsequently ran away. Watts testified that he did not own the steer and never sent the defendant for it, as claimed by him, to Brooks. There was other evidence tending to show that the owner of the steer was unknown, and that defendant did not

own it. Under this state of the evidence and the pleadings, the court committed no error in refusing the general affirmative charge requested by defendant.

The steer was the subject of larceny, even though it had strayed from the premises of its owner (*Burger v. State*, 83 Ala. 39, 3 South. 319) ; 18 Am. & Eng. Ency. Law [2d Ed.] 521), and even though the name of its owner was unknown (*Black v. State*, 83 Ala. 81, 3 South. 814, 3 Am. St. Rep. 691).

Larceny is the felonious taking and carrying away of the personal property of another with the intent on the part of the taker to convert it to his own use or to deprive the owner thereof.—*Higgs v. State*, 113 Ala. 36, 21 South. 353.

As to whether the defendant entertained such intent was a question for the jury. The openness of his conduct in taking, keeping, and disposing of the property does not negative the existence of such an intent to the extent that the law requires that the affirmative charge be given in the defendant's favor.—*Talbert v. State*, 121 Ala. 33, 25 South. 690; *Verberg v. State*, 137 Ala. 77, 34 South. 848, 97 Am. St. Rep. 17; *Thompson v. State*, 149 Ala. 39, 43 South. 115; *Fulton v. State*, 8 Ala. App. 257, 62 South. 959; *Bonner v. State*, 125 Ala. 49, 27 South. 783; *Jackson v. State*, 137 Ala. 98, 34 South. 609.

It is true, as insisted by appellant, that in order to constitute a taking, such as will support a charge of larceny, it must have been tortiously done—that is, it must be a trespass against the owner's possession, a taking without his consent (*Dozier v. State*, 130 Ala. 61, 30 South. 396) ; yet where his consent, or the consent of the person holding for him, is procured by means of fraud or a trick, practiced by the taker with the intent to steal, the taking is sufficient within the definition of larceny (18 Am. & Eng. Ency. Law [2d Ed.] 496, 473).

[McKinney v. The State.]

So, even if we regard Brooks—in whose pasture the steer was—as the bailee of the owner (*Hudgins v. Glass,* 34 Ala. 110), the taking was, if the state's evidence be believed, felonious by reason of the fraud practiced in obtaining his consent; and on the other hand, if Brooks was not the bailee of the owner, then his consent to the taking, however obtained, whether honestly or dishonestly, would not relieve the taking of its tortious character as against the owner, since Brooks was without authority to consent (*Burger v. State,* 83 Ala. 39, 3 South. 319).

If Brooks was such bailee, it was not improper to lay the ownership of the steer in him, and in such event defendant could have been properly convicted under the first count of the indictment.—*Fowler v. State,* 100 Ala. 96, 14 South. 860. If Brooks was not such bailee, then defendant might properly have been convicted under the second count, alleging the ownership in a person unknown, since, under the law, such ownership drew to and carried with it the possession of the property, regardless of who held its bare charge or actual custody. —18 Am. & Eng. Ency. Law (2d Ed.) 521 et seq.

There was a general verdict of guilty; and however the case be viewed, the court committed no error in refusing the general affirmative charge for defendant.

As we find no error in the record, the judgment of conviction is affirmed.

Affirmed.