(98 South. 216)

**ROSENBLUM v. STATE.**    (8 Div. 959.)

(Court of Appeals of Alabama. Aug. 28, 1923. Rehearing Denied Oct. 30, 1923.)

**1. Embezzlement** &#8658;9—**Larceny** &#8658;12—**"Larceny" and "embezzlement" distinguished.**

"Larceny" and "embezzlement" belong to the same family of crimes, the distinguishing feature being that to constitute larceny there must have been a trespass or wrong to the possession, but, where one gains possession of the property so as to constitute only a bare charge or custody, it does not divest the possession of the true owner, and he is still in the constructive possession, and the offense of appropriating the property is larceny.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Embezzle—Embezzlement; Larceny.]

**2. Receiving stolen goods** &#8658;7(5)—**Averments as to ownership held proper.**

Where title to a shipment of flour was in consignee, and the carrier was in the actual possession as agent of the owner, in prosecution for receiving the flour, knowing it to have been stolen, ownership was properly laid in one count in the consignee and in another count in the carrier.

**3. Larceny** &#8658;12—**One employed to haul shipment to consignee guilty of larceny, where delivering it to another.**

Where one employed to deliver shipment of flour to consignee hauled some of the flour to the consignee, but, on receiving some of it from the carrier, set it aside with the felonious intent at the time to appropriate it to his own use, and without the knowledge or consent of the consignee delivered it or caused it to be delivered to another, he was guilty of larceny, and not statutory embezzlement defined in Code 1907, § 6828.

**4. Receiving stolen goods** &#8658;8(4) — **Evidence sufficient to justify finding of guilt.**

Evidence held to justify finding that defendant was guilty of receiving stolen property, knowing that it had been stolen, and without the intent to restore it to the owner.

**5. Criminal law** &#8658;829(1)—**Refusal of request covered by given charge proper.**

It is not error to refuse request covered by the charge given.

**6. Criminal law** &#8658;789(15)—**Instruction using word "supposition" improper.**

The word "supposition" has no place in a charge in a criminal case on reasonable doubt.

**7. Criminal law** &#8658;789(12)—**Charge on reasonable doubt held properly refused.**

Court properly refused to charge, "Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the guilt of the defendant, but that it is wholly inconsistent with every other rational conclusion; and, unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, they must find the defendant not guilty."

**8. Criminal law** &#8658;789(18)—**Instruction on reasonable doubt held properly refused.**

The court properly refused to charge, as pretermitting a consideration of all the evidence, "If there is one single fact in this case proved beyond a reasonable doubt which is inconsistent with defendant's guilt, then this is sufficient to raise a reasonable doubt of defendant's guilt, and the jury should acquit him."

Appeal from Circuit Court, Madison County; Osceola Kyle, Judge.

Jake Rosenblum was convicted of receiving stolen property, etc., and appeals. Affirmed.

See, also, Ex parte Rosenblum, 210 Ala. 401, 98 South. 219.

These charges were refused to defendant:

"(6) Unless the evidence in this case excludes every reasonable supposition but that of guilt of defendant, you must acquit him.

"(7). Before you can convict the defendant, the proof should be inconsistent with every other reasonable supposition, except the guilt of the defendant, and the jury should be so

convinced from the evidence that each of them would be willing to act on such evidence in matters of the highest concern and importance to their own interest, or they cannot find the defendant guilty.

"(8) Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the guilt of the defendant, but that it is wholly inconsistent with every other rational conclusion; and, unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, they must find the defendant not guilty.

"(9) I charge you gentlemen of the jury, that, if there is one single fact in this case proved beyond a reasonable doubt which is inconsistent with defendant's guilt, then this is sufficient to raise a reasonable doubt of defendant's guilt, and the jury should acquit him."

Douglass Taylor, of Huntsville, for appellant.

There can be no conviction of larceny or receiving stolen goods, where the evidence shows that the property named in the indictment had never been in possession of the alleged owner. Wade v. State, 14 Ala. App. 130, 72 South. 269; Weldon v. State, 17 Ala. App. 68, 81 South. 846; Holbrook v. State, 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65. Charge 9 asserts a correct proposition of law. Simmons v. State, 158 Ala. 8, 48 South. 606; Walker v. State, 153 Ala. 31, 45 South. 640.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The indictment contained four counts. The first count charged that the defendant did buy, receive, conceal, etc., 20 sacks of flour, of the value of $30, the personal property of Brown & Pender, a partnership, etc., knowing that it had been stolen and not having the intent to restore it to the owner.

The second count charged that defendant received the same property, knowing it had been embezzled.

The third and fourth counts charged the same offenses respectively as the first and second, except that the ownership was laid in Nashville, Chattanooga & St. Louis Railway, a corporation.

Brown and Pender were merchants, doing business at West Huntsville about one and a half miles from the Nashville, Chattanooga & St. Louis Railway depot. The defendant conducted a store about 200 to 300 yards from the depot. In May, 1921, there was a shipment of 400 sacks of flour over the Nashville, Chattanooga & St. Louis Railway to Brown and Pender at Huntsville, and this flour was at the depot in the actual possession of the Nashville, Chattanooga & St. Louis Railway for Brown and Pender. The evidence for the state tended to show that Mart King was employed by Brown and Pender to haul the flour to their store; that he went to the depot for the flour, received same, and loaded all except 20 sacks on his wagon, and delivered it to Brown and Pender. Mart King set aside 20 sacks of the flour, and said to the railway agent that the defendant would get them. Defendant made inquiry of the railway agent about the flour, received it, and he or his driver hauled it away from the depot to defendant's store, and it was never delivered to Brown and Pender. The defendant contended that he never received the flour; that it was placed in front of his store late in the afternoon; and that Mart King hauled it from that point to Brown and Pender's store and delivered it to them.

The court gave the affirmative charge for the defendant on the second and fourth counts of the indictment.

The first question for determination is, Was Mart King guilty of a larceny of 20 sacks of flour either from Brown and Pender or from the Nashville, Chattanooga & St. Louis Railway?

In Washington v. State, 106 Ala. 58, 17 South. 546, the defendant was employed by the Mobile Light & Railway Company to haul coal from a car to the power house of the plant. While hauling the coal he sold some of it through agents without handling it himself. The court held that a larceny of the coal from the railroad car was shown, and possession of the property in the Mobile Light & Power Company sufficiently established to justify the court in refusing the general charge for defendant. The court held that one employed to haul coal from cars and deliver it at a certain designated place, and who has no other possession of the coal, is guilty of larceny if he sells it, with felonious intent, on his own account, without the knowledge or consent of the owner.

In Crocheron v. State, 86 Ala. 64, 5 South. 649, 11 Am. St. Rep. 18, the defendant was a hired man upon a farm. His duties were to plow a mule belonging to the owner of the farm, and to attend to the mule. One day he plowed the mule until nearly sunset, when he took it from the plow and went to water it. The owner did not see the mule for several days, when he found it in possession of one Childs. The court there held that goods in the bare charge or custody of a servant are legally in the possession of the master, and the servant may be guilty of trespass and larceny by the fraudulent conversion of such goods to his own use.

[1] Larceny and embezzlement belong to the same family of crimes, the distinguishing feature being that to constitute larceny there must have been a trespass or wrong to the possession, but, where one gains possession of the property so as to constitute only

a bare charge or custody, it does not divest the possession of the true owner, he is still in the constructive possession, and the offense of appropriating the property is larceny. Boswell v. State, 1 Ala. App. 182, 56 South. 21.

In the case of Lacey v. State, 13 Ala. App. 212, 68 South. 706, Lacey was a clerk in the office of the board of convict inspectors, and our court held that, if a check was left on defendant's desk to be delivered to the president of the board of convict inspectors, and the defendant collected the check, and fraudulently converted the proceeds to his own use, and at the time he assumed dominion over the check he entertained the criminal intent to appropriate the proceeds to his own use, he was guilty of larceny. Verberg v. State, 137 Ala. 77, 34 South. 848, 97 Am. St. Rep. 17; Eggleston v. State, 129 Ala. 83, 30 South. 582, 87 Am. St. Rep. 17; Dozier v. State, 130 Ala. 57, 30 South. 396. And the question of intent was for the jury. Verberg v. State, supra; Talbert v. State, 121 Ala. 34, 25 South. 690.

[2] The title to the 20 sacks of flour was in Brown and Pender, the consignee, and the Nashville, Chattanooga & St. Louis Railway was in the actual possession as the agent of the owners. A. G. S. R. R. Co. v. Altman, 191 Ala. 429, 67 South. 589.

[3] Ownership was properly laid in one count in Brown and Pender and in another count in the railway company. Mart King was employed to haul the flour from the railway depot and deliver it to the storehouse of Brown and Pender, and for this purpose had access to it, but had no other possession or control over it. If Mart King received from the railway company the 20 sacks of flour, the property of Brown and Pender, and, with the felonious intent at the time to appropriate it to his own use, and without the knowledge or consent of the owners, delivered said flour or caused it to be delivered to the defendant, Mart King was guilty of the offense of larceny. There was no evidence from which the jury could infer that Mart King had such possession of the flour as the agent of Brown and Pender as to change an offense which at common law was larceny into that of statutory embezzlement defined in section 6828 of the Code 1907.

[4] There was ample evidence to justify the finding of the jury that the defendant was guilty of receiving stolen property knowing that it had been stolen, and not having the intent to restore it to the owner.

The refused charges are not numbered in the record, so we give them numbers for convenience. Charges 1 and 2, the general affirmative charge for the defendant, were properly refused. There was a conflict in the evidence and ample evidence to justify a verdict of guilt.

[5] Charges 3, 4, and 5 are fully covered by the oral charge of the court. The refusal of requests covered by the charge given is not error. Brand v. State, 13 Ala. App. 390, 69 South. 379.

[6] Charges 6 and 7 have been repeatedly condemned by our Supreme Court. The word "supposition" has no place in a charge in a criminal case. Walters v. State, ante, p. 92, 95 South. 207.

[7] Charge 8 was faulty, and was properly refused. This charge has been condemned in Amos v. State, 123 Ala. 50, 26 South. 524.

[8] Charge 9 predicates an acquittal on the jury's belief in a single proven fact, which is inconsistent with defendant's guilt, and is faulty because it pretermits a consideration of all the evidence. Williams v. State, 13 Ala. App. 133, 69 South. 376; Ex parte Davis, 184 Ala. 26, 63 South. 1010.

There is no merit in any of the exceptions reserved, and the judgment of the circuit court is affirmed.

Affirmed.