15 So.2d 605

## REYNOLDS v. STATE.

### 6 Div. 167.

Supreme Court of Alabama.

Oct. 7, 1943.

Rehearing Denied Dec. 2, 1943.

Beddow, Ray & Jones, of Birmingham, for the petition.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., opposed.

BROWN, Justice.

In King v. State, 15 Ala.App. 67, 70, 72 So. 552, 554, it was observed that: "It is a familiar rule that when one acquires the possession of property tortiously, and afterwards conceives and executes the purpose to convert it, he may be guilty of larceny. Weaver v. State, 77 Ala. 26; Dozier v. State, 130 Ala. 57, 30 So. 396. Also that where one has the bare charge or custody of property of another, the property being under the dominion and control of the owner, the party having the bare custody may be guilty of larceny if he converts it to his own use with the purpose of depriving the owner of it. Boswell v. State, 1 Ala.App. [178] 182, 56 So. 21; Holbrook v. State, 107 Ala. 154, 18 So. 109, 54 Am. St.Rep. 65. * * * It is not essential that the thief should entertain the intent to convert the property to his own use; it is enough that the intent be to deprive the owner of the property. Higgs v. State, 113 Ala. 36, 21 So. 353; Fort v. State, 82 Ala. 50, 2 So. 477."

This principle justified the refusal of Charge 2 and charges of that class, stressed by the petitioner in application for writ of certiorari, and the foregoing authorities are cited as additional authority for the holding by the Court of Appeals that said charges were refused without error.

We have considered the other questions argued and find nothing that warrants a review of the judgment and opinion of the

Court of Appeals. The writ of certiorari is, therefore, denied.

Writ denied.

All the Justices concur.