26 So.2d 622

## MURCHISON v. STATE.
### 5 Div. 224.

Court of Appeals of Alabama.
June 11, 1946.

428

Chas. S. Bentley, of Goodwater, and Albert J. Pickett, of Montgomery, for appellant.

Wm. N. McQueen, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant in the court below was tried and convicted on a count in the indictment charging grand larceny. The count was in form prescribed by statute. Code 1940, Title 15, Sec. 259, Form 66. It was not, therefore, subject to demurrer. Flott v. State, 24 Ala.App. 584, 139 So. 298.

The question of prime importance that appears of record on this appeal is whether or not the facts are sufficient upon which to base a conviction of larceny as charged. The general affirmative charge was refused the defendant, and the question is thus posed for our review.

"At common law, if one secures the possession of a chattel, not the title thereto or a special property therein, by or with the consent of the owner, through a fraudulent trick or device, then intending

to steal the chattel, it is larceny." Illinois Automobile Ins. Exch. v. Southern Motor Sales Co., 207 Ala. 265, 92 So. 429, 430, 24 A.L.R. 734. See also, 32 Am.Jur. pp. 915 and 916; 17 R.C.L., p. 13; Ex parte Economu, 211 Ala. 237, 100 So. 85; Verberg v. State, 137 Ala. 73, 34 So. 848, 97 Am.St.Rep. 17.

■■■ Confusion and difficulty sometimes arise in an effort to distinguish the three kindred crimes, larceny, false pretenses, and embezzlement. The Massachusetts Supreme Court in Commonwealth v. Barry, 124 Mass. 325, makes the distinction very clearly. Therein the court said:

"If a person honestly receives the possession of the goods, chattels or money of another upon any trust, express or implied, and, after receiving them, fraudulently converts them to his own use, he may be guilty of the crime of embezzlement, but cannot be of that of larceny, except as embezzlement is by statute made larceny. If the possession of such property is obtained by fraud, and the owner of it intends to part with his title as well as his possession, the offence is that of obtaining property by false pretenses, provided the means by which they are acquired are such as, in law, are false pretenses. If the possession is fraudulently obtained, with intent on the part of the person obtaining it, at the time he receives it, to convert the same to his own use, and the person parting with it intends to part with his possession merely, and not with his title to the property, the offence is larceny."

The text writer in 35 C.J.S., False Pretenses, Sec. 3, p. 638, states the difference between larceny and false pretenses to be:

"The crime of obtaining money or goods by false pretenses is closely allied, or analogous, to that of larceny, and it has been said that the statutes denouncing it and like offenses were designed for the fuller protection of personal property and in aid of the laws against larceny and theft. However, the two offenses are generally distinguishable, although the distinction is very fine where the obtaining of the money or property is accomplished by fraud, trick, or device. The distinction between the crimes of obtaining by false pretenses and larceny lies in the intention with which the owner parts with the property; if the owner, in parting with the property, intends to invest accused with the title as well as the possession, the latter has committed the crime of obtaining the property by false pretenses, but if the intention of the owner is to invest accused with the mere possession of the property, and the latter, with the requisite intent, receives it and converts it to his own use, the crime is larceny."

This court in Reynolds v. State, 31 Ala. App. 259, 15 So.2d 600, approved the rule of demarcation outlined above.

■■■ Under the guidance of the above authorities, we come to consider the instant case on the basis of its evidence and the reasonable inferences to be drawn therefrom. In so doing we take the testimony in its most favorable aspect for the State. This we must do in determining the propriety vel non of the refusal of the general affirmative charge to the defendant. The Assistant Attorney General has correctly and accurately set out the tendencies of the State's evidence. We quote it:

"On December 13, 1943, the defendant was in Troy, Alabama, where he stopped in a lunch stand, and over a bottle of beer struck up a conversation with one Selman Smart, a local resident. Selman Smart, it appears, had various business dealings from time to time which were financed by Alva Register, a local radio shop operator. During the course of the conversation defendant asked Smart if he would be interested in purchasing thirty-four hogs at $10.00 a head. Smart, seeing an opportunity to realize some profit in such a transaction, took the proposition to Register, who agreed to finance such a deal. The defendant stated that the hogs were near Rockford, Alabama, and were owned by an old lady whose husband was in the Veterans Hospital in Montgomery. Thereupon, defendant, Register, Smart, and one Pugh Davis, an employee of Mr. Register, started driving in Register's automobile toward Rockford. Several stops were made along the way, at which times defendant and Smart drank beer. Register and Davis did not participate in the drink-

ing. Arriving in the vicinity of Shady Grove Church in Coosa County after dark, defendant had Register stop the car, whereupon he requested that he be allowed to go down alone beyond the hill to see the old lady about the hogs. Defendant and Register filled out a check which defendant signed. After thirty or forty minutes, defendant came back and stated that the old lady (a Mrs. Penton) would not accept the check. The four in the party then proceeded to Wetumpka where defendant said he knew a banker and could arrange for the cash. At Wetumpka he left the car and coming back later said that he was unable to find the banker. Thereupon, the four men proceeded down the highway, and when again in the vicinity of the Shady Grove Church defendant insisted that he could still get the hogs if he had the $340.00 cash. Register finally let him have this amount of money in cash, whereupon defendant again went off down the hill. The agreement was for him to load the hogs in Mrs. Penton's Ford Truck and meet Register and the others in about thirty-five to forty-five minutes, whereupon he would follow them to Troy. The defendant, after leaving on this occasion, never returned."

■ To the above quoted recitation we add: Mrs. Penton stated in her testimony that she did not have any hogs for sale and that the defendant had not negotiated with her for the sale of any. In fact she said she did not live under the hill from Shady Grove Church, where it was claimed the party kept vigilance for appellant's return with the truckload of hogs, but instead she resided a distance of about five or six miles from the church. She testified also that she did not own a truck, nor was there a loading chute on her premises.

It will not be amiss to here observe that the trial court overruled objections by the appellant to questions propounded to Mrs. Penton eliciting the information just indicated above. We hold correctly so. It was material on the inquiry of whether or not the claimed proposal by the defendant to the State's witnesses with reference to the purchase and delivery of the hogs was bona fide, and this was of probative value on the question of the intent of the accused.

■ In view of the evidence our task is narrowed to a discussion of only two of the essential elements of the crime of larceny:

(1) Did the accused entertain the intent to deprive the owner of the money at the time he came into its possession? Higgs v. State, 113 Ala. 36, 21 So. 353; Fort v. State, 82 Ala. 50, 2 So. 477.

(2) Did the witness, Register, surrender the possession of the money only and not the title thereto?

For the appellant to have been adjudged guilty of larceny, both of the above questions must be answered in the affirmative. Authorities, supra.

■ In this case the question of intent lies in inference and must be determined from a consideration of all the evidence. Neither the court nor the jury could look into the mind of the accused and there find what was his intent. Of necessity this information had to be gleaned from all the circumstances disclosed by the testimony. Clearly, on the basis of the facts in this case, a jury question was posed. We do not hesitate to observe that the evidence amply supports this finding. Savage v. State, 15 Ala.App. 168, 72 So. 694; McKinney v. State, 12 Ala.App. 155, 68 So. 518; Verberg v. State, 137 Ala. 73, 34 So. 848, 97 Am.St.Rep. 17.

■ It is our considered opinion also that the evidence warrants the conclusion that the second indicated question must be answered in the affirmative. We will demonstrate:

At no time from the inception of the negotiation with reference to the hogs to the eventful separation at the country church did the appellant claim to own the property. While he represented that the trade could be made according to the suggested terms, of necessity its final consummation depended upon the will and consent of the owner of the hogs. If, as claimed by the witness, Register, the appellant was given the money with which to purchase the hogs for Register, then the former became the agent or conduit for the purpose of closing the trade transaction. In that event the latter did not part with the title to the money, but on the contrary retained constructive

possession thereof. Boswell v. State, 1 Ala.App. 178, 56 So. 21; Rosenblum v. State, 19 Ala.App. 442, 98 So. 216; Reynolds v. State, supra; Reynolds v. State, 245 Ala. 47, 15 So.2d 605; Holbrook v. State, 107 Ala. 154, 18 So. 109, 54 Am.St. Rep. 65.

It is urged in brief of counsel for appellant that the cases of Hawes v. State, 216 Ala. 151, 112 So. 761, and Murchinson v. State, 30 Ala.App. 15, 199 So. 897, are in factual point and must control our decision favorably to the defendant.

In the Hawes case the defendant was charged with the larceny of $100. The facts disclose that one Hudson bought a car from Hawes for which he paid $100 in cash. After the trade was consummated and ostensibly for the purpose of going to the courthouse to get some papers and with the promise to return forthwith, the latter borrowed the car. He did not return. The court held that Hudson voluntarily parted with not only the possession of the money but also the title.

In line with the authorities we have herein cited, this could not constitute larceny of the $100.

The subject of the larceny charge in the Murchinson case was also money. Under the related evidence the accused claimed to own some whiskey and proposed to sell it to the alleged defrauded party. Upon arriving at a designated place, the latter paid the former for the whiskey at an agreed price and in advance of its delivery. The assurance was given that the whiskey would be delivered as soon as Murchinson, the defendant, could bring it from a nearby location. Another case of useless waiting.

As we read these cases disclosing such incidents of waiting, we surmise that the period of vigilance must be fraught with hope, anticipation, expectancy, disgust and antipathy. To the case at bar, if the assertions are true, may be added also fear and loneliness. Our imaginations may be going beyond the facts as we mentally picture this group of three sitting in an automobile parked in the yard of a secluded country church and there remaining from about ten p. m. to twelve, midnight. In our thinking we dare not add to the lonely surroundings a nearby country graveyard.

Be this as it may and we must not digress too much, this court held that the Murchinson case, supra, in this factual particular, came under the influence of the Hawes case, supra. We think this holding is sound and logical.

The facts in the instant case are susceptible of a marked distinction from the two just reviewed. Reynolds v. State, 31 Ala. App. 259, 15 So.2d 600, certiorari denied 245 Ala. 47, 15 So.2d 605, lends evidential aid as well as authoritative guidance in the holding we now declare, viz. the general affirmative charge was not due the defendant. See also, Powers v. State, 31 Ala.App. 614, 21 So.2d 282.

We do not find any other questions in the record that merit comment. The judgment of the court below is ordered affirmed.

Affirmed.