(30 Misc. Rep. 727.)

## McKENNA v. FIREMEN'S INS. CO.

(Supreme Court, Trial Term, New York County.    March 15, 1900.)

INSURANCE—CANCELLATION—RETURN OF PREMIUM—BROKER'S COMMISSIONS—
DEDUCTION.

 Where a policy provided that on cancellation the unearned premium specified in the policy should be returned according to the short-rate system adopted by the different companies, insurer was not entitled, on insured's surrender of the policy for cancellation, to deduct from such short-rate premium the amount of commissions paid to brokers who had negotiated the insurance.

Action by Charles F. McKenna against the Firemen's Insurance Company to recover unearned premium on a canceled policy.    Judgment for plaintiff.

Francis D. Hoyt, for plaintiff.
William D. Murray, for defendant.

McADAM, J.    This action is by the plaintiff, as assignee of the Catholic Protectory, to recover back the unearned premium on a policy issued and afterwards canceled by the defendant.    The amount of premium specified in the policy, $338.65, and the short-rate system adopted by the different companies on cancellation, control the measure of recovery.    The defendant seeks to go beyond this rule by taking off 20 per cent. commission allowed to the brokers and deducted by them when they paid the premium.    There is nothing in the contract permitting any such deduction.    The entire premium was paid in a manner alike satisfactory to the brokers and to the defendant. The Catholic Protectory is entitled to the benefit of the agent's contract made in its name, wherein the defendant acknowledged the full payment of $338.65 as the premium for the policy of insurance delivered to the protectory, and this sum was as matter of fact paid, but in the manner stated.    The rule is that "any mode of payment by the agent, accepted and received as such by the other contracting party as an absolute payment, will discharge the principal."    Story, Ag. § 431.    The payment of commissions to brokers who solicit and bring them in business is customary with insurance companies, and from the fact that they continue the practice it may be assumed that in the end the system is profitable.    If the defendant had elected to cancel the policy on notice, according to its terms, the defendant would have been obliged to tender back the unearned premium at the agreed rate (Van Valkenburgh v. Insurance Co., 51 N. Y. 465, 469), but could not charge the insured with the commissions paid to the brokers.    The fact that the insured canceled the policy makes no difference in respect to the amount to be returned, except as to short rates.    It might be equitable, perhaps, in cases where a policy which has run but a short time is offered by the insured for cancellation, for the insured to make some allowance for the commission paid by the company.    But there is no condition in the policy to that effect, nor is there any such provision in the insurance law (Laws 1892, c. 690, § 122).    The plaintiff is entitled to $203.19, with interest from December 10, 1898, for which sum judgment is awarded.