# Lightman *v.* Boyd.

*Statutory Action of Detinue.*

[Decided June 28, 1902.]

1. *Sale of personal property which has been stolen; when purchaser acquires good title.*—Where one who has stolen a horse trades it for another horse, and susequently trades the horse so acquired in exchange to a third person, who in turn sells said horse to one who purchased it in good faith without notice of the original theft, such last named person acquires a perfect title to the animal purchased by him.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. O. KYLE.

[Lightman v. Boyd.]

This was a statutory action of detinue, brought by the appellee, P. S. Boyd, against the appellant, S. S. Lightman, to recover the possession of a horse.

The claims of the plaintiff and the defendant respectively, and the facts of the case are sufficiently stated in the opinion.

The defendant appeals from a judgment rendered in favor of the plaintiff, and assigns as error the refusal of the court to give the general affirmative charge requested by him.

COOPER & FOSTER, for appellant, cited Cobbey on Replevin, § 417 Note; *Jackson v. Sparks,* 36 Ga., 445; *Hindmarch v. Hoffman,* 4 L. R. A., 368 and note on p. 369; *Leigh v. M. & O. R. R. Co.,* 58 Ala. 165; *Root v. French,* 28 Am. Dec., 482; *Jennings v. Gage,* 56 Am. Dec., 476; *Sinclair v. Healey,* 80 Am. Dec., 589; *Sharp v. Jones,* 81 Am. Dec., 359.

S. S. PLEASANTS, *contra,* cited Benjamin on Sales, (7th Am. ed.), 475; 11 Am. & Eng. Ency. Law, (2d ed.), 570; *Rodliff v. Ballinger,* 141 Mass. 1; *Alexander v. Swackhamer,* 105 Ind. 81; *Harmon v. Goetter,* 87 Ala. 225; *Fairbanks v. Eureka Co.,* 67 Ala. 109.

HARALSON, J.—In *Leigh v. M. & O. R. R. Co.,* 58 Ala., 165, where the general rule is stated, "that in the absence of authority, or of property, a sale or pledge of chattels, confers no title, even when the person making it is in possession, and the person to whom it is made pays a valuable consideration, or advances money in good faith, and without notice of the right or title of the true owner," it is said, there are cases recognized as exceptions to this rule, one of which is,—"where the owner, *with the intention of sale,* parts with the property, though under such circumstances of fraud as would authorize him to reclaim it from the vendee. In this class of cases it is accurately said: 'We must distinguish whether the facts show a *sale* to the party guilty of the fraud, or a mere delivery of the goods

[Lightman v. Boyd.]

into his possession, induced by fraudulent devices on his part. In other words, we must ask whether the owner intended to transfer both the property in and the possession of the goods to the person guilty of the fraud, or deliver nothing more than the bare possession. In the former case, there is a contract of sale, however fraudulent the device, and the property passes; but not in the latter case.' Benj. on Sales (1st Am. ed.), 319."

In *Moore v. Robinson*, 62 Ala. 537, it is again said: "As a general rule, the title of property, like the flow of a stream, cannot rise higher than its source, and so, one not the owner, and not having authority therefor, conferred by the owner, cannot sell or make a valid pledge of property. 1 Smith L. Cases, Part 2, p. 1192 et seq., Seventh Am. Ed. A different rule prevails, if the seller have a title, even though acquired by fraud. A *bona fide* purchaser for value from such fraudulent holder of the title, without notice of the fraud, will be protected."

In this case, Jones stole Robinson's brown mare, and traded her to Bailey for a gray horse. By this transaction he conferred no title on Bailey to the stolen mare, and Robinson had the right to take lawful possession of her, which it appears he did. But, Jones traded the gray horse he got from Bailey, to Boyd, the plaintiff, for the animal in this suit,—a blazed face mare,—and each took possession of the animal for which he had traded,—Jones of the blazed-faced mare and plaintiff, Boyd, of the gray horse. Neither this horse nor the mare was stolen property. The transaction between them amounted to a sale by each to the other, of the animal in his possession, by which sale as appears each intended to pass, and acquired the title of the animal he traded to the other, and on like principles, Watson having acquired the horse which Jones got from the plaintiff, Boyd, at execution sale, and having sold it thereafter to the defendant for value, he acquired a perfect title to the animal.

The court erred in refusing the general charge as requested by defendant. On the facts presented it might have given the general charge for him.

Reversed and remanded.