EUGENE L. DELAFIELD, Appellant, *v.* LONDON AND LANCASHIRE FIRE INSURANCE COMPANY, LTD., a Foreign Corporation, Respondent.

First Department, April 5, 1917.

Insurance — policy insuring automobile against theft construed — larceny of automobile through business transaction in which owner participated — loss not covered by policy — practice — demurrer to answer.

On a demurrer to an answer for insufficiency the complaint may be attacked on the ground that it fails to state facts sufficient to constitute a cause of action.

A policy insuring the owner of an automobile against theft, robbery or pilferage by any person or persons other than those in the employment, service or household of the insured, does not cover a common-law larceny of the automobile by trick or device.

Hence, the insured cannot recover on such policy where he merely alleges and proves that he delivered the automobile to third persons for the purpose of sale and that they, through a conspiracy to steal automobiles, converted the car to their own use and stole the same. The alleged larceny was under the form and guise of a business transaction conducted by the insured himself and was not within the terms of the policy.

APPEAL by the plaintiff, Eugene L. Delafield, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 2d day of February, 1916, overruling plaintiff's demurrer to the separate defenses contained in the answer.

*Huntington W. Merchant,* for the appellant.

*William D. Murray,* for the respondent.

DAVIS, J.:

On September 12, 1914, the plaintiff owned a Lozier motor car. On that day he gave it into the possession of the R. W. Lewis Corporation for the purpose of having it sold, and took back a receipt in form as follows:

"R. W. LEWIS, Pres.                    JULIUS LOEB, Sec'y & Treas.
"Telephone 8986 Columbus.

"R. W. LEWIS, INC.
"Specialists in New and Used Motor Cars

"239–241 West 56th Street
"Just West of Broadway
"New York.

"This is to acknowledge receipt of your Lozier touring with the following equipment regular 2 extra shoes.

"It is agreed and understood that R. W. LEWIS, INC., is to sell said car and pay you the sum of $550., in full payment for same, said payment to be made after R. W. LEWIS has sold above mentioned car.

"It is further agreed and understood that there is to be no charge for storage or other charges and that you may end this contract and remove car at any time prior to sale without notice.

"I am the sole owner of the above mentioned automobile and guarantee same to be free and clear from all incumbrances. These statements are made by me for the purpose of inducing the R. W. LEWIS, INC., to accept my car as above mentioned.

"Date *Sept.* 12.

"R. W. LEWIS, INC.
"By A. E. KANNENGIESER.

"Witness:
"EUGENE N. DELAFIELD.
"Accepted."

In his complaint the plaintiff alleges that the R. W. Lewis Corporation, R. W. Lewis and Kannengieser entered into a conspiracy to steal automobiles, and, pursuant to that conspiracy and with felonious intent, they procured a large number of owners of automobiles, among whom was the plaintiff, to deliver their automobiles into their possession for the pur-

pose of sale; that thereafter (*i. e.*, after September 12, 1914) the R. W. Lewis Corporation converted plaintiff's car to its own use and stole the same and that at said time they were not in the employment or service or household of the insured.

The plaintiff by appropriate allegations shows that he was insured by defendant against direct loss or damage by theft, robbery or pilferage by any person or persons other than those in his employment, service or household.

He seeks in this action to recover the value of his automobile under its policy of insurance. He claims that his automobile was the subject of a theft and by a person not in his employ.

The answer, after denying any knowledge or information sufficient to form a belief as to the alleged larceny, set up in the 3d and 4th paragraphs of the complaint, sets up a second separate answer upon information and belief as follows: *First.* That the policy in question insured plaintiff against loss or damage to the automobile by theft, robbery or pilferage by any person or persons other than those in the employment, service or household of the insured, and, *second,* that plaintiff employed the R. W. Lewis Corporation to sell his automobile and delivered it to R. W. Lewis, Inc.; that the latter sold it under said contract of employment and that R. W. Lewis, Inc., when it sold the automobile was in the employment of the insured.

The plaintiff demurred to this defense on the ground of insufficiency. The court below overruled the demurrer and hence this appeal.

This defense contains no denials. We must assume, therefore, that it admits the allegation of the complaint that there was a larceny of the automobile. Therefore in effect the defense is, that assuming there was a larceny of the automobile, it was committed by a person then in the employment of the plaintiff, a sufficient defense under the allegations of this complaint.

On a demurrer to an answer for insufficiency the complaint may be attacked on the ground that it fails to state facts sufficient to constitute a cause of action.

This complaint does not state facts sufficient to constitute a cause of action. It alleges in effect that the possession of plaintiff's automobile was obtained from him feloniously, *i. e.*, in

this case, pursuant to a conspiracy and through the device of a written agreement to sell it for the plaintiff. It further alleges that the conspirators after thus obtaining possession of the car converted it to their own use. This is an allegation of common-law larceny by trick and device, in which plaintiff parted with possession as a result of the deception, but not with his title. While this policy insures against "theft," it seems clear that it was not the intention of the parties to the contract of insurance to insure against larceny by trick and device; that is theft, the commission of which involves as an essential element, the deception of the insured, resulting in a surrender of the possession of his property. The term "theft," as used in this policy, does not include all forms of larceny recognized by law. It does not include a larceny perpetrated as this was under the form and guise of a business transaction conducted by the insured himself. For this reason I think the order overruling the demurrer should be affirmed, with ten dollars costs and disbursements, and the complaint dismissed.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, and complaint dismissed, with costs.