(92 South. 429)

## ILLINOIS AUTOMOBILE INS. EXCH. v. SOUTHERN MOTOR SALES CO.
(6 Div. 476.)

(Supreme Court of Alabama. April 6, 1922.)

1. Insurance ⬤⇒425 — Policy indemnifying against "theft" or "pilferage" held not to cover obtaining title through fraud.

Where owner of an automobile covered by an insurance policy indemnifying against "theft" or "pilferage" sold the car to buyer and, to secure the purchase-money notes, took a mortgage on it and a purported mortgage on property which buyer falsely represented that he owned, and later buyer abandoned the car in a damaged condition and disappeared, the insurance company was not liable; "theft" being synonymous with "larceny," and "pilferage" meaning "petit larceny."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Theft.]

2. Insurance ⬤⇒146(3)—Rule of construction stated.

Where an insurance policy is susceptible of two constructions, the one more favorable to the assured will be adopted.

3. Larceny ⬤⇒14(1)—Securing possession by trick held a sufficient taking.

At common law, where one intending to steal a chattel secured the possession with the consent of the owner through a fraudulent trick or device, the crime of larceny was committed.

4. Larceny ⬤⇒13—Not committed where owner induced by fraud transfers title.

Where owner of a chattel is induced by fraud to transfer title, the subsequent taking and carrying away of the chattel does not constitute theft, though the transaction is voidable at the election of the defrauded seller.

5. Insurance ⬤⇒425 — Policy indemnifying against "theft" covers larceny by trick.

The term "theft," as used in an insurance policy indemnifying against theft, includes larceny by trick.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by the Southern Motor Sales Company against the Illinois Automobile Insurance Exchange upon a policy covering, among other things, the theft of a car. Judgment for the defendant, which on motion of plaintiff was set aside and new trial ordered, from which order defendant appeals. Reversed and remanded.

Lange & Simpson, of Birmingham, for appellant.

The words "theft, robbery or pilferage" do not include the loss of a car under the form and the guise of a business transaction conducted by the insured himself. 177 App. Div. 477, 164 N. Y. Supp. 221; 145 Mo. App. 170, 129 S. W. 982; 90 Misc. Rep. 550, 153 N. Y. Supp. 662; 162 Cal. 61, 121 Pac. 321, Ann. Cas. 1913C, 1170. Failure to give the written notice required would prevent a recovery.

Wood & Pritchard, of Birmingham, for appellee.

The possession of personal property acquired in furtherance a fraud, scheme, or trick, with the intention of stealing it, constitutes larceny. 15 Ala. App. 168, 72 South. 694; (Tex. Civ. App.) 235 S. W. 617; 12 Ga.

App. 712, 78 S. E. 265; 92 Kan. 819, 142 Pac. 259, L. R. A. 1915E, 327; 4 Blackf. (Ind.) 499. Counsel discuss other matters, with citation of authority, but in view of the opinion it is not deemed necessary to here set them out.

McCLELLAN, J. [1] This is an action instituted by appellee against appellant on a policy of indemnity against certain losses that may be suffered by automobile owners. There was verdict and judgment for the defendant; but the motion for new trial was granted, this appeal being from that action of the trial court. Among other things, the policy held by the insured contained indemnity against "(B) Theft, robbery or pilferage if in excess of $25.00 on any single occasion, by any person or persons other than those" in the employment, etc., of the assured. The facts, to be later outlined, make no case of "robbery" within any possible terms of the policy nor of "pilferage," a term meaning "petit larceny" (Hartford Co. v. Wimbish, 12 Ga. App. 712, 78 S. E. 265; Stuht v. Maryland Motor Ins. Co., 90 Wash. 576, 156 Pac. 557; Huddy on Autos [5th Ed.] § 838), enlarged by the policy's terms to exceed $25 in value, the subject of the liability claimed being an automobile of considerable value, no taking of a minor part thereof being shown.

[2] The liability asserted under the policy depends upon the construction of the term "theft." Where the provisions of a policy of indemnity are reasonably susceptible of two constructions, consistent with the object of the obligation, one favorable to the assured, and the other favorable to the assurer, that will be adopted which is favorable to the assured. American Sur. Co. v. Pauly, 170 U. S. 133, 144, 18 Sup. Ct. 563, 42 L. Ed. 987, and other authorities cited in Ill. Surety Co. v. Donaldson, 202 Ala. 183, 79 South. 667; Joyce on Ins. (2d Ed.) § 222. As therein employed, "theft" is synonymous with "larceny." 38 Cyc. 272.

[3] At common law, if one secures the possession of a chattel, not the title thereto or a special property therein, by or with the consent of the owner, through a fraudulent trick or device, then intending to steal the chattel, it is larceny. Savage v. State, 15 Ala. App. 168, 170, 72 South. 694; Frazier's Case, 85 Ala. 17, 4 South. 691, 7 Am. St. Rep. 21; 25 Cyc. pp. 40–42.

[4] Subject to exceptions not presently important the doctrine is well established that, where the owner intends to transfer, not the possession merely, but also the title to the property, although induced thereto by the fraud or fraudulent pretenses of the taker, the taking and carrying away do not constitute theft or larceny. Though the transaction is voidable at the election of the defrauded seller, the passing of the title to the chattel sold effects to prevent the act of the buyer from constituting theft or larceny of the goods of another. Kellogg v. State, 26 Ohio St. 15, 19; 2 Bishop's Cr. Law (8th Ed.) pp. 475, 476; Black's Case, 83 Ala. 81, 83, 3 South. 814, 3 Am. St. Rep. 691; Lightman v. Boyd, 132 Ala. 618, 619, 620, 32 South. 714; Butler v. State, 91 Ala. 87, 9 South. 191; Wilson's Case, 1 Port. 118; Wharton's Cr. Law (11th Ed.) §§ 1126, 1206; Freeman's Notes, 57 Am. Dec. 278, 279, 285.

[5] Whether the policy's term "theft"— larceny—includes larceny by fraudulent trick or device, is a question contested by counsel. According properly invoked influence to the rule of construction of contracts of indemnity above restated, it must be held that the obligation of assurance given by the assurer in this policy comprehended theft (larceny) in any and every form not excluded by the terms of the paragraph quoted above from this policy. The decision in Delafield v. London, etc., Ins. Co., 177 App. Div. 477, 164 N. Y. Supp. 221, is not acceptable authority. The court there seems not to have taken any account of the rule of construction to which we have referred.

The evidence shows without dispute a sale of the automobile by the owner to one Skipper, at Birmingham, Ala. The price was agreed upon by the parties; Skipper's reputation and responsibility were investigated by the owner; the cash part of the purchase price was represented by two notes, secured by a certain amount of timber Skipper asserted he then owned; the other deferred installments were presented by notes which the president of the plaintiff (appellee) testified were secured by mortgage on the car for the balance; and the car was delivered to Skipper by the seller. The representation with respect to the timber was false. Skipper immediately took the car outside this state, to Arkansas, in violation of his promise or assurance to the seller, left it there in a greatly damaged condition, whence it was shortly recovered, and himself disappeared. Under the undisputed evidence, Skipper did not consummate a theft, a larceny of the car; the sale effecting to pass title to him to the car subject, of course, to the right of the seller to rescind the voidable contract for the fraud. It results that the verdict and judgment in favor of defendant (appellant) was the only correct adjudication possible under the law and the evidence, and hence that the court erred in granting the plaintiff's (appellee's) motion for a new trial. The order or judgment granting the motion for new trial is reversed, thus restoring the original verdict and judgment for defendant, appellant. The cause is remanded for further proceedings consistent with the judgment of this court.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.