## Anton P. Kartinos, Appellee, v. John L. Walker Company, Attorney-in-Fact for Fort Dearborn Casualty Underwriters, Appellant.

### Gen. No. 27,853.

INSURANCE—*broker's commission as part of earned premium deductible on cancellation of policy.* An insurance company is not entitled to deduct the amount of commission paid by it to a broker who secured the insurance from the insured and placed it with the company, irrespective of whether the broker acted as agent for the insured or the company, in determining the amount of the unearned premium which it is required to repay to the insured upon canceling the policy which provides for computation and adjustment of the earned premium upon the "pro rata basis" and permits of no deduction except earned premiums.

Appeal by defendant from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Affirmed. Opinion filed January 2, 1923.

HOLLYWOOD & TATE, for appellant; MURPHY O. TATE, of counsel.

KAMFNER & HALLIGAN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is a suit to recover the unearned premium on an insurance policy issued by appellant on appellee's automobile. The amount of the premium for one year was $222. It was paid to the Schiffman Motor Sales Company, an automobile sales concern, which acted as the broker, apparently on its own motion, in placing the insurance. Appellant allowed it thirty per cent commission thereon.

The policy provided for its cancellation and that "if canceled by the underwriters, the earned premium shall be computed and adjusted upon the pro rata

basis.'' Thirty days after its issue appellant canceled the policy and tendered the plaintiff as the amount of the unearned premium $142.45. This sum was computed by deducting from $222, the earned premium, $18.50 for the month the policy was in force, and thirty per cent of the difference as broker's commission. The finding of the court was for $200, slightly less than the pro rata premium for the remainder of the year.

On uncontradicted proof on the part of appellant that the Schiffman Motor Sales Company was not its agent, or in its employ, or on its pay roll, appellant urges that an insurance broker employed to procure insurance is the agent of the insured and not of the insurer, and as it actually received not the full premium of $222, but that sum less the broker's commission of thirty per cent, it is required to return only pro rata what it received. To support the contention several cases are cited including *Lycoming Fire Ins. Co. v. Rubin*, 79 Ill. 402, where it was held that a broker not specially authorized by an insurance company to solicit insurance becomes, on application to it for one seeking insurance, agent for the insured and not the insurer, even though the insurance company allowed him a commission. Those cases, however, are not in point for they involve the question of the broker's authority to bind the insurance company in matters pertaining to the contract. No such question arises here. Conceding the broker in the case at bar was the agent of the insured to procure the insurance, the company's gratuitous allowance of a commission out of its premium did not change the terms of the contract whereby in case of cancellation the unearned premium was to be computed and adjusted pro rata on the basis of the premium and not on the same less commissions or other expenses. Appellant wrote its own policy, which, it is familiar law, will therefore in case of a reasonable doubt be construed in favor of the assured. There is no provision in the policy for any

deductions from the premium except what was earned. The insurer could easily have inserted a provision for other deductions if it purposed to make them.

A case directly in point is *McKenna v. Firemen's Ins. Co.*, 30 N. Y. Misc. 727, 63 N. Y. Supp. 164, where in returning the unearned premium the insurance company deducted twenty per cent for broker's commissions. The court held the deduction was not authorized by any condition in the policy or by provision of the insurance law. The case is applicable to the facts here and accordingly the judgment is affirmed.

*Affirmed.*

MORRILL and GRIDLEY, JJ., concur.