The plaintiff seeks to recover the value of furniture, in transit, damaged on its truck when it jammed under an underpass near Altoona, Pennsylvania. A policy issued by the defendant insured it against such loss if the vehicle in which the goods were being transported was in collision with any object, but excluded coverage "for loss or damage caused directly or indirectly by the load or any portion thereof coming in contact with any other object unless the carrying vehicle also collides with such object."
The insured truck consisted of a Mack chassis, a body especially designed for hauling furniture, and a carefully measured and fitted removable canvas which stretched along the entire top of the truck. The body had walls on all sides equipped with loops and other devices designed to receive the cords attached to the canvas, thus securing it to the body. The removable top facilitated loading, but when affixed and fastened, after loading, became as much an integral part of *Page 373 
the truck as if inherent in its construction. The collision complained of ripped the canvas and damaged the furniture but no other part of the truck collided with any object.
If it is held that the canvas is a part of the vehicle the defendant is liable under its contract; however, if it is held that only the furniture, and no part of the vehicle, collided there is no liability. Mendelsohn vs. Automobile Ins. Co. of Hartford,290 Mass. 228, 195 N.E. 104.
Courts have been unanimous in construing the provisions in insurance policies liberally in favor of the assured. If there is ambiguity in the contract it should be resolved in favor of the plaintiff. Where words are so used in a contract of insurance that their meaning is ambiguous, or susceptible of two interpretations differing in import, that interpretation which will sustain the claim of the policyholder and cover the loss should be adopted. If the policy is not entirely clear and two interpretations, equally reasonable, can be applied, the interpretation most favorable to the assured is sustained. AmericanSurety Co. vs. Pauly, 170 U.S. 133; Illinois Automobile Ins.Exchange vs. Southern Motor Sales Co., 207 Ala. 265,92 So. 429, 24 A.L.R. 734; Kartinos vs. Walker Co., 227 Ill. App. 289;Griffin vs. General Casualty Surety Co., 231 Mich. 642,204 N.W. 727; Sunderlin, Automobile Insurance (1929) p. 25; Bell vs. American Insurance Co., 173 Wis. 533,181 N.W. 733; C. J. Commercial Driveway, Inc. vs. Fidelity Guaranty Fire Corp., 258 Mich. 624, 242 N.W. 789.
The court finds that the collision between the canvas top and the underpass was a collision of the carrying vehicle with it and that the resulting loss is covered by the policy.
 The issues are found and judgment may be entered for the plaintiff to recover the sum of $450.36, together with interest amounting to $57.42, or a total of $507.78 and costs.