**GRADY MOTORS CORPORATION,**
Plaintiff,

v.

**TRAVELERS FIRE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 3547-56.**

United States District Court
District of Columbia.

Jan. 18, 1957.

Arthur M. Wagman, Washington, D. C., for plaintiff.

John P. Arness, of Hogan & Hartson, Washington, D. C., for defendant.

PINE, District Judge.

Plaintiff is a corporation engaged in the business of selling automobiles. It delivered a new 1956 Lincoln automobile to a person theretofore unknown to it, who represented himself to be Dr. Percy Covington Powell, Jr. It was equipped with temporary license tags, and at the time of delivery, Powell was given a temporary registration card and a retail buyer's order signed by plaintiff's agent and Powell. Plaintiff received therefor a check drawn on a Bethesda bank by Powell, for the full purchase price of the automobile. Powell drove away in the automobile, and neither he nor the automobile have since been found. The check was not honored, as Powell had no account with the bank.

Defendant had theretofore issued a policy of insurance, among other things insuring plaintiff against theft of its automobiles. This policy contained provisions entitled "Exclusions," among which was a provision that it did not apply to "loss resulting from either the Insured voluntarily parting with the title and possession of any automobile if induced so to do by any fraudulent scheme, trick, device, false pretense, or from embezzlement, conversion, secretion, theft, larceny, robbery, or pilferage committed by any person including any employee, entrusted by the insured with either custody or possession of the automobile."

Plaintiff has sued defendant under this policy, for the cost of the automobile, and defendant has answered, admitting that the policy was in force, but claiming that the exclusion provision above quoted relieves it of liability. There is no dispute on the facts, and each party has moved for summary judgment.

It will be noted that the policy excludes from its coverage a loss resulting from a voluntary parting with title if induced by fraud; or a loss from theft by a person entrusted by plaintiff with custody or possession. It therefore excludes loss when title passes; and if it does not pass, it excludes loss by theft by a person entrusted with custody or possession. The comprehensiveness of this provision therefore eliminates the necessity for a decision on the question of whether or not title passed in this instance. If it did pass,[1] defendant is not liable; and if it did not pass, of necessity the possession of the automobile was entrusted to Powell, who in that case obtained it by larceny by trick, and defendant is not liable. In other words, it seems clear that the policy excludes from its coverage any loss by theft of the kind here involved, and by the breadth of the language employed, excludes liability for losses of the "confidence man" variety, as they are sometimes colloquially described.

The motion for summary judgment of defendant will therefore be granted, and the motion for summary judgment of plaintiff will be denied. Counsel will submit appropriate order.

---

1. The transaction here involved occurred in Maryland, and I have found no Maryland case on the point. There is conflict of authority elsewhere, e. g. Standard Investment Co. v. Town of Snow Hill, 4 Cir., 78 F.2d 33; Sullivan Co. v. Wells, D.C.Neb., 89 F.Supp. 317; Daine v. Price, D.C.Mun.App., 63 A.2d 767; 77 C.J.S., Reputation, p. 266, and cases cited therein.