**GREAT AMERICAN INDEMNITY COMPANY, Appellant,**

**v.**

**Margaret Gates YODER, Appellee.**

**No. 1937.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 25, 1957.

Decided April 30, 1957.

Rehearing Denied May 16, 1957.

Frederick H. Livingstone, Washington, D. C., with whom Paul J. Sedgwick, Washington, D. C., was on the brief, for appellant.

James C. Gregg, Washington, D. C., with whom Reid C. Tait, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant insurance company appeals from a judgment awarded appellee for the loss of an automobile insured by a policy providing for "comprehensive" coverage.

Having advertised for the sale of her Buick automobile, appellee subsequently entered into a purchase agreement with a man assuming the name of "Frederick Ryan". The price of $2,670 was agreed upon by the parties and appellee transferred the title to the automobile with her notarized signature to Ryan. In return, appellee accepted a check, made payable to both herself and Ryan, which was endorsed by him. The check, which appeared to be of the type commonly used in commercial transactions was drawn on a local bank and made by a fictitious firm, "Capitol Finance Services". Ryan with possession and title to the automobile then departed.

Upon learning that the check was fraudulent, appellee filed a claim for reimbursement with appellant with whom the automobile was insured. The claim was denied and appellee then brought this action for the value of the automobile relying on the "comprehensive" coverage clause which provides for payment to the insured in the event of direct or accidental loss of the automobile, except loss caused by collision or upset. Theft was one of the losses mentioned as being covered.

The coverage under this clause is subject to exclusion under provision (*l*) (1) of the policy "if the automobile is or at any time becomes subject to any bailment

lease, conditional sale, purchase agreement, mortgage or other encumbrance not specifically declared and described in this policy;" and a further exclusion under provision (m), " * * * to loss due to conversion, embezzlement or secretion by any person in possession of the automobile under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance."

■ The primary question for determination is the construction to be accorded the term "theft" in the insurance policy. Words in an insurance contract, unless obviously used in a technical sense, should be given the meaning of common parlance and if the language is susceptible to different meanings, the one most favorable to the insured should be adopted.[1] While the courts are almost universal in recognizing that "theft" embraces a taking by larceny or larceny by trick, some divergence of opinion exists as to the inclusion within the term of a taking by false pretenses.

■ The common-law distinction is acknowledged in this jurisdiction that where one gives up possession of a chattel to another who converts it to his own use, the wrongdoer is held to have committed a trespass and the taking is by larceny.[2] However, where one, although induced by fraud or trick, actually intends that title shall pass to the wrongdoer, the crime is that of false pretenses. The facts indicate that the taking in this instance falls squarely within the District's statute defining the crime of false pretenses.[3]

Whether the term "theft" comprehends a taking by false pretenses must be determined by the common meaning given the term and the intended purpose of the comprehensive coverage clause. We think the popular definition of "theft" carries the import of a trespass and is not applicable where one intends to voluntarily transfer not merely possession but title to the property.

Appellee had every opportunity in the course of this transaction to demand cash or payment by certified check. To extend the meaning of "theft" to include a taking of this kind is in effect to hold that the policy insures the consideration in business deals or that appellee is insured against a lack of prudence if she makes a bad bargain. We do not think that this was the risk contemplated by the parties under the policy. Further support for this view is found in section (*l*) (1) of the policy which excludes coverage when the automobile becomes subject to a purchase agreement. This provision clearly demonstrates that it was the intention to restrict rather than amplify the scope of "theft" by excluding coverage when a vendee takes possession and title by trick or artifice. We therefore rule in accord with those cases holding that "theft" does not embrace a taking by false pretenses.[4]

The contention may be advanced that only possession was transferred here because payment is a condition for passing title and a check is in itself conditional until payment is received. The proposition is without merit, however, as provision (m) of the policy excludes coverage when the loss of the automobile is due to conversion by one in possession under a purchase agreement.

Reversed with instructions to enter judgment for appellant.

1. Pennsylvania Indemnity Fire Corp. v. Aldridge, 73 App.D.C. 161, 117 F.2d 774, 133 A.L.R. 914; Unkelsbee v. Homestead Fire Ins. Co., D.C.Mun.App., 41 A.2d 168.

2. Graham v. United States, 88 U.S.App. D.C. 129, 187 F.2d 87, certiorari denied. 341 U.S. 920, 71 S.Ct. 741, 95 L.Ed. 1353.

3. Code 1951, § 22–1301 (Supp. V).

4. Grady Motors Corp. v. Travelers Fire Insurance Co., D.C.D.C., 147 F.Supp. 290; Illinois Automobile Ins. Exchange v. Southern Motor Sales Co., 207 Ala. 265, 92 So. 429, 24 A.L.R. 734; Cedar Rapids National Bank v. American Surety Co., 197 Iowa 878, 195 N.W. 253;

Cox v. World Fire & Marine Ins. Co.,
Mo.App., 239 S.W.2d 538; Royal Ins.
Co. v. Jack, 113 Ohio St. 153, 148 N.E.
923, 46 A.L.R. 529; Thompson v. Con-
necticut Fire Ins. Co., 203 Okl. 530, 223
P.2d 757.