Charles Gold, J.
Plaintiffs move for summary judgment against all defendants in this action to recover the unearned premiums on two insurance policies after cancellation thereof by the insurer.
The undisputed facts are that defendant Reliable Insurance Company issued two insurance policies to the plaintiffs; that the premiums for these policies were paid for in full by the plaintiffs; that Reliable received these premiums less the commissions, which its own agent, Multi-Peril Markets, Inc., retained.
Before the policies expired Reliable cancelled them. It is undisputed that the unearned premium on one policy was $1,411.70 and on the other policy was $747.37.
Reliable denies liability to the plaintiffs on two grounds; first, it claims that it gave its agent, defendant Multi-Peril (who was indebted to Reliable) a credit on its books for $1,652.75 representing the unearned premiums less the portion thereof retained by Multi-Peril as its commission and that thereby it, Reliable, has satisfied its obligation to plaintiffs in regard to this portion of the unearned premiums; second, it claims that in no event is it responsible for the portion of the unearned *984 premiums represented by the commissions retained by its agent, and that as to this portion defendant Multi-Peril and defendant Leiste Associates, Inc., a broker, should be required to account.
As to Reliable’s first contention, although voluminous papers were submitted in their behalf on this motion, a careful examination of these fails to disclose even the slimmest legal basis for withholding this portion of the unearned premiums from the plaintiffs. It is well-settled law in New York that upon cancellation of an insurance policy by the insurer the carrier is obligated to pay to the insured the full prorata portion of the unearned premium (Van Valkenburgh v. Lenox Fire Ins. Co., 51 N. Y. 465; Tisdell v. New Hampshire Fire Ins. Co., 155 N. Y. 163; Buckley v. Citizens’ Ins. Co., 188 N. Y. 399; Rose Inn Corp. v. National Union Fire Ins. Co., 229 App. Div. 349, affd. 258 N. Y. 51).
The insured cannot discharge this obligation by adjusting its financial accounts with its agent as Reliable has attempted to do. Even the actual payment of the money by Reliable to its agent for transfer to defendant would not by itself constitute payment to plaintiffs until it was received by plaintiffs (Van Valkenburgh v. Lenox Fire Ins. Co., supra). A showing that Multi-Peril was designated the agent to receive the return premiums would be necessary to justify the payment by Reliable to Multi-Peril (Van Valkenburgh v. Lenox Fire Ins. Co., supra; Buckley v. Citizens’ Ins. Co., supra). However, even under such circumstances the bookkeeping credit given by Reliable to Multi-Peril would not constitute an adequate and proper refund of the unearned premium unless and until the sum due reached the insured.
. As to the second contention advanced by Reliable, it has been held that an insurance company may not deduct commissions paid to an agent from the amount of the unearned premiums due the insured (McKenna v. Fireman’s Ins. Co., 30 Misc. 727).
Any rights that the insurance company may have against its agent for money owed by the agent must be pursued by the company. It cannot be converted into the insured’s burden. The carrier cannot palm off on the insured claims that the insurance company has against its agent or former agent which may have resulted from the company’s poor business practices. In short, payment is not effected by assigning to the insured a claim the company may have against the agent.
Accordingly, the court finds that the defendant Reliable Insurance Company must answer to plaintffs for the entire *985 amount of the unearned premiums, to wit, the sum of $2,159.07 resulting from its cancellation of the insurance policies in question.
Consequently, the court grants summary judgment to plaintiffs against said defendant in the amount of $2,159.07, together with interest from November 16, 1966, and appropriate costs. The Clerk is directed to enter judgment accordingly.
The court finds no basis for granting like relief against the other defendants and this portion of the motion is denied.
The foregoing determinations are without prejudice to such rights as defendant Reliable may have against defendants Multi-Peril and Leiste for the return of the unearned commissions.