## ECONOMU v. STATE. (6 Div. 204.)

(Court of Appeals of Alabama. Jan. 15, 1924. Rehearing Denied Feb. 5, 1924.)

Larceny 14(1)—Surreptitious exchange of worthless paper for bonds, sold and delivered to complaining witness, held to constitute "larceny."

If defendant, or his confederates, acting in concert, or as part of scheme, surreptitiously exchanged worthless paper for United States bonds, previously sold and delivered by them to complaining witness, and took and carried the bonds away, depriving the owner of their use, each participant was guilty of larceny of the bonds; "larceny" being the felonious taking and carrying away of valuable personal property belonging to another.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Larceny.]

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

George Economu was convicted of grand larceny, and appeals. Affirmed.

Certiorari denied by Supreme Court in the case of Ex parte Economu, 100 South. 85.

Black, Harris & Foster, and Nesmith & Garrison, all of Birmingham, for appellant.

If the injured party was the victim of a conspiracy to defraud him and parted with his money as a direct result of said conspiracy, the taking of such money would be larceny, but defendant could not be held guilty under a count charging larceny of bonds.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The injured party was not divested of title to the bonds, and the affirmative charge was correctly denied. Boswell v. State, 1 Ala. App. 178, 56 South. 21; Holbrook v. State, 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65; Verberg v. State, 137 Ala. 73, 34 South. 848; Jackson v. State, 5 Ala. App. 306, 57 South. 594.

SAMFORD, J. There were five counts in the indictment, but all of these counts, except count 3, charging the larceny of 37 $100 United States bonds and 2 $50 United States bonds, were eliminated either by charges of the court or the verdict of the jury, which found the defendant guilty under count 3.

There is but one question involved in this appeal: Was the defendant entitled to the general charge as to count 3?

Larceny is the felonious taking and carrying away personal property of value belonging to another. Were the 39 bonds, at the time they were taken by defendant and his confederates, the property of Sanchez? Counsel for appellant cites many authorities and draws some fine distinctions in order to demonstrate that Sanchez never acquired title to the bonds in question, and therefore, if convicted at all, defendant should have been convicted of stealing $3,600 as charged in another count of the indictment. If defendant or his confederates sold and delivered the bonds to Sanchez and afterwards they, or either of them, acting in concert or as a part of a scheme, surreptitiously exchanged worthless paper for the bonds, and by this means took and carried the bonds away, depriving the owner of their use, this would be larceny and each participant in the scheme would be guilty. According to the evidence for the state the title to the bonds and the possession had passed to Sanchez; there was enough evidence from which the jury could fix a value, and the evidence, as to the guilt of defendant, was sufficient upon which to base a verdict. All the questions involved were properly presented to the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.