182 So. 96

## HOWELL v. STATE.

### 6 Div. 309.

Court of Appeals of Alabama.

June 14, 1938.

Frank D. Hollifield, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of petit larceny. Code 1928, Sec. 4908.

It was shown without dispute that he went into a cafe and bakery where one Rosa Lee Sterling was employed, and purchased from her two loaves of bread. He handed to her a one dollar bill, and, as she was ringing up the sale on the cash register, and getting for him his change, he constantly and continuously plied her with questions as to the prices of various other articles there on sale.

When she gave him his change out of the one dollar he had given her he stated that he had given her a five dollar bill. She told him he had not; but he contended that he had.

So, to stop the argument—the lady stating in her testimony on the trial that it was against the rules of her employment to argue with customers—she took from the cash register and handed over to appellant four one dollar bills—in addition to his rightful change—eighty-four cents—out of the one dollar bill he had given her.

Before Rosa Lee Sterling's employer's wife, who was in the back of the store (to so denominate the place of business where Rosa Lee Sterling was employed), could come to the front and "check the register" —come to Rosa Lee's rescue, we might say —appellant took the four dollars so obtained and went out and went away.

The main contention, here, is that the judgment of conviction should be reversed because of the refusal of the trial court to give to the jury at appellant's request the general affirmative charge to find in his favor; the argument being that the testimony on the part of the State—none being offered by appellant—tending to show no more than what we have set out hereinabove, in no way supported the charge of larceny.

In Corpus Juris, Volume 36 at page 779 (Sec. 146) we find this, to-wit: " 'Ringing the changes,' a trick frequently practiced upon shopkeepers and salesmen, is effected by tendering a large bill or coin in payment of a small purchase, and, after the correct change has been given, asking for other change and repeating the request until, in the confusion of mind created by so many operations, the thief obtains more money than he should. This is held to be larceny, notwithstanding in each operation the shopkeeper or salesman voluntarily delivered the money asked for, since it is obvious he intended to part with the title to only such money as constituted the correct change."

This quotation sets forth the law as we think it should be in such cases, and we give to it our full approval. And it states the situation here. See McKinney v. State, 12 Ala.App. 155, 68 So. 518 (6th headnote); also Illinois Automobile Ins. Exch. v. Southern Motor Sales Co., 207 Ala. 265, 92 So. 429, 24 A.L.R. 734.

As for the contention here that the court erred in admitting in evidence, over appellant's objection, the testimony of the policeman as to the efforts of appellant to "compromise" the case, at least two answers occur to us. In the first place, said testimony as to statements by appellant looking to this end could not have worked injury to him, because the testimony pointing to his guilt was undisputed. The jury could not have acquitted him without stultifying themselves. And it would be purely

imaginary to conclude that such testimony would have caused the punishment inflicted to be made more severe.

■ But aside from the above it seems now to be the law that testimony as to "a voluntary offer of settlement in a criminal prosecution" is admissible if, as here, it "embodies an express admission of guilt." Harrison v. State, 235 Ala. 1, 178 So. 458, 460.

We find nowhere an action or ruling of the court erroneously prejudicial to any right of appellant, and the judgment of conviction is affirmed.

Affirmed.