JOSEPH J. MULLINS, Retired Circuit Judge.
The grand jury of Houston County returned an indictment against the appellant, Joe Mills, charging him with grand larceny. The appellant entered a plea of not guilty. A jury found the appellant guilty of grand larceny as charged in the indictment. The trial court duly sentenced the appellant to 9 years in the penitentiary. Appellant’s motion for a new trial was denied and he appeals to this Court.
This appeal was submitted on briefs. The appellant was represented by counsel of his choice at all proceedings in the trial court and is so represented in this Court.
Appellant contends in his brief that his conviction should be reversed because the trial court erred to his prejudice by overruling appellant’s motion to exclude state’s evidence after the state rested, and in refusing to give the general affirmative charge at the request of the appellant, because the testimony of state witness Gwyn Sellers, who was an accomplice in an illegal venture for counterfeiting, was not corroborated by other evidence.
State’s witness, Mr. Gwyn Sellers, a farmer who lived in Wicksburg, Alabama on September 10, 1977, testified in substance the following: That he was acquainted with the appellant, Joe Mills, and had known him for about five or six years; that about three weeks before September 10, 1977 Mills telephoned Sellers and told him he had something he wanted to talk to him about; that Sellers met the appellant at the B & S Bar on Highway 84 near Wicksburg and appellant told Sellers he had a fellow he wanted him to meet, that it was a way of making some money; that about a week later Sellers met the appellant and appellant introduced him to a man who was supposed to be named Ron Scott; that in the presence of the appellant, Ron Scott explained and demonstrated to Sellers that Scott, by the use of certain chemicals and a press, could take a one dollar bill and make a ten dollar bill out of it; that Scott would pay Sellers $5,000.00 for the use of Sellers’ money for one afternoon; that Sellers did not have any money but would have some when he gathered his peanuts; that the appellant contacted Sellers two or three times to see if he had the money and appellant and Scott came out to Wicksburg and Sellers met them at Holland Oil Company in Wicksburg and told them he would be ready in a few more days; that appellant got back in touch with Sellers and they agreed to meet at the Holiday Inn in Do-than, Alabama at about 1:00 o’clock, P.M. on September 10, 1977; that on September 10, 1977 at about 1:00 o’clock he met the appellant and Scott at the Holiday Inn and they all went into a room at the Inn at which time Sellers had with him $28,000.00 in 100 dollar bills, the proceeds from a check for his peanut crop, and $3,000.00 from hogs he had sold at the Dothan Livestock Company; that Sellers turned $31,000.00 in 100 dollar bills over to the appellant and the appellant took it and put it in a bathtub half full of water and put some detergent in and washed the money, and Scott stacked it in a press, putting blank pieces of paper between the money and closed the press; that appellant and Scott placed the press in a large pan of water in the bathtub and Scott put something he called developing chemicals in the water; that on two occasions Sellers went out of the room for a short time leaving Scott and the appellant *549 in the room with Sellers’ money; that Scott said he had to go get some more developing fluid, picked up a brown satchel, borrowed appellant’s car, and left saying he would be back in a few minutes; that about 20 minutes after Scott left the room the telephone rang and the appellant answered it and when he finished talking on the telephone, said that it was Scott and that Scott said he would be delayed a short while; that Sellers and the appellant waited in the room until about 6:30 or 7:00 P.M. for Scott to return but he never returned; that when Sellers got tired of waiting for Scott to return, the appellant picked up the large pan with the press in it and placed in in Sellers’ pickup truck and Sellers drove home; that after Sellers was at home the appellant telephoned Sellers and told him to go on to bed and not to bother about the money in the press, and to leave it in the press in the pan until in the morning, this aroused Sellers’ suspicion and he immediately opened the press and found it was filled with blank pieces of paper and had only two $100.00 bills in it; that Sellers has never again seen the balance of his $31,-000.00 or Ron Scott.
In determining whether or not Gwyn Sellers was an accomplice whose testimony had to be corroborated by other evidence tending to connect the appellant with the commission of the offense, the test is, could the witness have been indicted and convicted of the offense charged either as principal or accessory. If he could, then he is an accomplice whose testimony would have to be corroborated, if he could not be indicted and convicted, he is not an accomplice, and his testimony does not have to be corroborated. Ash v. State, 81 Ala. 76, 1 So. 558; Miller v. State, 290 Ala. 248, 275 So.2d 675; Allen v. State, 290 Ala. 339, 276 So.2d 583; Skumro v. State, 234 Ala. 4, 170 So. 776.
The indictment in this case charges in substance that appellant feloniously took and carried away $31,000.00 in lawful currency of the United States Of America, a better description of which and the exact denomination of which are to the Grand Jury unknown, of the value of $31,000.00, the personal property of Gwyn Sellers. It is clear that under all the facts in this record Gwyn Sellers could not have been indicted and convicted of grand larceny of his own property.
We hold that the trial court did not err when it overruled appellant’s motion to exclude state’s evidence, and in refusing the general affirmative charge requested by the appellant.
No other matters were argued by appellant in his brief. We have reviewed the entire record and find that the evidence fully supports the jury verdict finding the appellant guilty of grand larceny. A person who by trickery or fraud, obtains possession of personal property of another, intending at the time of obtaining the property to convert it to his own use, and does so convert it, is guilty of larceny. Powers v. State, 31 Ala.App. 614, 21 So.2d 282; Reynolds v. State, 31 Ala.App. 259, 15 So.2d 600; certiorari denied, 245 Ala. 47, 15 So.2d 605; Economu v. State, 19 Ala.App. 570, 100 So. 85; McKinney v. State, 12 Ala.App. 155, 68 So. 518; Howell v. State, 28 Ala.App. 249, 182 So. 96; Murchison v. State, 32 Ala.App. 427, 26 So.2d 622; Jones v. State, 56 Ala. App. 444, 322 So.2d 735.
We have searched the entire record for errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.