191 So.2d 255

**William E. DICKERSON**

v.

**STATE.**

1 Div. 135.

Court of Appeals of Alabama.

Oct. 11, 1966.

Wm. R. Favre, Jr., of Tonsmeire, McFadden & Favre, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Jas. H. Evans, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted on written argument June 2, 1966.

The June 1965 Grand Jury of Mobile County indicted Dickerson for robbing Clyde Leo Barnes of some $322.00. This indictment bore Circuit Court No. 13697.

A petty jury, on January 6, 1966, found Dickerson guilty and set his punishment at ten years imprisonment. Whereupon, the trial judge adjudged him guilty and after allocutus sentenced him according to the jury's' verdict.

I.

Motion to Supplement Transcript

On June 6, 1966, appellant pro se filed a motion "that this Honorable Court subpoena the transcript of trial had May 2, 1966 [Mobile Circuit]; case number being 14328."

As ground to support this request, Dickerson in effect avers that testimony in the later case (14238) clearly shows that State's Exhibit One in the instant cause "was illegal evidence and could not have been in the possession of the defendant at the time the crime was committed in case No. 13697."

Unlike the English Court of Criminal Appeal, this court has no legislative charter provision for the taking of additional evidence to supplement or offset that adduced in the trial court.

This reason suffices to explain that this motion must be and hereby is denied.

II.

Motion for Description of State's Exhibit One

The basis for this request is that court below "did knowingly 'neglect' to record" serial numbers, caliber, and manufacturer's identifying markings of Exhibit One.

This exhibit was a pistol which Officer Bobby King identified as one he saw protruding from Dickerson's hip pocket on his initial arrest. This occasion was some six hours after the charged robbery.

Whether Dickerson used this gun or Captain Kidd's blunderbuss to rob Barnes is irrelevant. Barnes made a positive identification of Dickerson as the man who, by pointing a gun at him, took his money.

There is no merit to this motion and it is denied.

### III.

#### Motion to "Subpoena Certified Transcript of the Closing Arguments" and Sheet of Paper with Suggested Forms of Verdicts

■ Unlike some Federal courts our practice makes no provision for an official recording or reporting of the entire argument of counsel. Only the portion to which objection is made comes up to the appellate court.

■■ No showing has been made as to either the present place of custody or custodian of the missing sheet of paper. Ordinarily, the trial court has the power to correct improper verdicts. This power embraces the furnishing of proper blank forms so as to reduce errors.

We refuse to ascribe any sinister or corrupt action in what was prima facie a salutary practice.

This motion in both aspects is denied.

### IV.

#### Merits

Barnes was keeping a Billups gasoline filling station at Holcombe Avenue and Old Highway 90 in Mobile May 5, 1965, about 5:15 in the morning.

A car went to and fro three times. On the last pass, Dickerson got out. On reaching Barnes who was at the cash box, Dickerson ordered him to stand aside. Whereupon Dickerson helped himself to its contents.

About eleven o'clock Officer King arrested Dickerson. He was staggering from one side of the sidewalk to the other, a pistol (State's Exhibit One) bulging out of his right rear trousers pocket.

"He was very drunk. Him and his buddy was hanging on each other * * *."
(R. 36.)

### V.

Appointed counsel argues the sufficiency of the evidence and the refusal of Charge 5 requested in writing by the appellant.

#### A.

Though the prosecution made a terse presentation, it was a succinct one. All the legal elements of the charged crime find corresponding tendencies in the State's evidence so as to mesh law and fact.

■ That a great cumulation of duplicated testimony is not before us does not mean the frame and sinews of the corpus delicti are lacking. Certainly there is beyond the dubious scintilla enough evidence to support the verdict.

#### B.
#### Charge 15

This requested instruction reads as follows:

"I charge you Gentlemen of the Jury that the burden is on the State of Alabama to prove beyond a reasonable doubt that at the time of the alleged robbery the Defendant had a felonious intent, that force was used by putting the person from whom the money was taken in fear as a means of effectuating the intent and by that means, there was a carrying away [of] the property of another from his person or in his presence."

The appellant cites Morris v. State, 97 Ala. 82, 12 So. 276; Higgs v. State, 113 Ala. 36, 21 So. 353; and Brown v. State, 120 Ala. 342, 25 So. 182, to demonstrate its legal correctness.

■ At pages 48 and 49 of the record we find the following pertinent part of the court's oral charge:

"Now gentlemen the burden is upon the State as I have said to prove beyond a reasonable doubt that the material elements of that offense have been—or have occurred and also that the defendant is

the person who committed the offense. Now there are three general elements to the crime of robbery and one is a felonious taking, that is a taking with intent or felonious intent or bad intent. Now felonious taking of good from the person of another or in his possession against his will by violence or by putting him in fear—those are the material elements of the crime of robbery and must be proven beyond a reasonable doubt and to a moral certainty.

"As far as the ownership of the property is concerned, it is not necessary that you be—that it be shown that the property, the title to the property was in the person from whom it was taken or in whose presence it was taken. It is sufficient that it be taken from him or from his presence and it belonged to some person other than the person who took it. But as I have said the budren is upon the State to prove beyond a reasonable doubt that at the time of this alleged robbery the defendant had a felonious intent, that force was used by putting the person from whom this property was taken in fear as a means of effectuating that intent and that by that means there was a taking away or carrying away of the property of another from his person or in his presence."

Under the fourth sentence of § 273, T. 7 of the 1940 Code, the following rule is laid down:

" *  *  * The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties.  *  *  *"

Hence, there was no error in the refusal of Charge 15.

We have carefully reviewed the entire record under Code 1940, T. 15, § 389, and consider the judgment below is due to be

Affirmed.