William E. **DICKERSON**, Plaintiff,

v.

Curtis M. **SIMPSON**, State of Alabama, et al., Respondents.

Civ. A. 4954–68.

United States District Court
S. D. Alabama, S. D.

Feb. 24, 1969.

James H. Lackey, Mobile, Ala., for plaintiff.

McDonald Gallion, Atty. Gen., State of Ala., Montgomery, Ala., Walter S. Turner, Asst. Atty. Gen., State of Ala., Sydney Pfleger, Asst. Dist. Atty., Mobile, Ala., for respondents.

PITTMAN, District Judge.

The petitioner filed a petition for a writ of habeas corpus in this court and was allowed to proceed *in forma pauperis*, wherein James H. Lackey, attorney at law, Mobile, Alabama, was appointed to represent him. The respondents filed a return and answer to the show cause order, and the case was set for trial October 3, 1968. The defendant was to be brought to Mobile not less than ten days prior thereto for consultation with his attorney.

There was an administrative mix-up and the petitioner was not brought to Mobile until October 2, 1968. In order that he would have ample time to prepare his case with his attorney before a hearing, and on the petitioner's motion, the case was continued and reset for trial on November 25, 1968.

On October 3, 1968, a pretrial was conducted with the petitioner's attorney present, and the order is attached and incorporated and made a part of this order the same as if set out herein at length.

## FINDINGS OF FACT

Under the pretrial order, Paragraph 4, the finding of fact as to (a), the question as to whether or not the petitioner had access to a transcript after the disposition of the case on appeal by the Alabama Court of Appeals and during his coram nobis proceeding is moot in that this court on November 25, 1968, conducted a full evidentiary hearing.

With reference to Paragraph 4(b), (d), and (e) of the pretrial order, the court finds that in the trial of this cause a pistol was introduced into evidence and evidence was offered that it was the pistol used in the robbery, when, *in fact, it was not used* in the robbery in this case. It came about by reason of the fact that the defendant had a second pending robbery case against him which involved the use of a pistol. The pistol introduced in the case at bar was the pistol taken from the defendant in the second robbery. No evidence nor witnesses were offered by the defendant in the Circuit Court trial of the case at bar. The evidence is that the petitioner was positively identified as the person committing the robbery and a pistol was used in the first robbery by him. He did not take the stand in the trial in the state court, but testified on this hearing that he did not participate in the robbery, and a .25 automatic pistol was removed from him at the time of his arrest for this offense, but a .32 caliber pistol was introduced. He further said at the Circuit Court trial he told his attorney the pistol introduced was not the pistol taken from him when he was arrested for the robbery (the first).

This court finds the mix-up in the pistols was not an act of art or in bad faith by the State Prosecutor, but was one of faulty record keeping and an honest mistake. A pistol was used in the robbery similar to the one introduced into evidence and only slightly larger.

At the pretrial the charges of incompetency of counsel in the state court were withdrawn and is not before the court. The court notes the petitioner's trial attorney testified during the course of this trial. He impressed the court as competent and knowledgeable. In January 1966, when the case was tried in state court, counsel then had nine years experience. He testified that the reason

he did not offer any evidence to show that the pistol was not used in the case at bar was because it would open up questioning that might disclose that it had been used by the defendant in another robbery in which charges were then pending against him.

The court finds that even if trial counsel did mention to the State Prosecutor that he "had the wrong gun", the circumstances were cast in the mould of common "jockeying" between adverse litigants and was not sufficient to reasonably arouse his suspicions to the point of stopping the case and re-examining his evidence for the possible error. The circumstances of this remark partake of banter common among adversaries during the course of a trial.

With reference to Paragraph 4(c) of the pretrial order, the court finds that the State Prosecutor interviewed the witness Barnes, but there is no evidence to support the charge that he coached the witness and the court finds that this charge is unfounded.

With reference to Paragraph 4(f) of the pretrial order concerning the Court of Appeals, State of Alabama, refusing to consider the transcript of the defendant's second robbery trial, this is immaterial to the issues in this case.

## CONCLUSIONS OF LAW

There was a .25 caliber pistol used in the robbery for which he was tried. The pistol introduced into evidence was a .32 caliber. The court finds the introduction of the wrong pistol under the circumstances was not so prejudicial as to warrant setting the verdict aside. See Dickerson v. State of Ala., 43 Ala. App. 416, 191 So.2d 255, p. 256:

> "Whether Dickerson used this gun or Captain Kidd's blunderbuss to rob Barnes is irrelevant. Barnes made a positive identification of Dickerson as the man who, by pointing a gun at him, took his money."

It is therefore ordered, adjudged, and decreed that the petition be and is hereby denied.